[Reynolds v. Collier.]

# Reynolds v. Collier.

*Statutory Claim Suit.*

1. *Lien of registered judgment; certificate need not recite waiver of exemption contained in judgment.*—Under the provisions of the act approved February 28, 1887, (Acts 1886–87, p. 99; Code of 1886, p. 635, note), the filing and registration in the office of the judge of probate of the clerk's certificate of a judgment, gives said judgment "a lien upon all the property of the defendant in the county which is subject to levy and sale under execution," and is notice to all persons of the existence of such lien; and such certificate need not recite a waiver of exemptions contained in the judgment, in order to entitle the judgment creditor to enforce his lien, so acquired, upon property of the judgment debtor which is ordinarily exempt from execution.

2. *Same; when purchaser of exempt property does not acquire title.*— When, after the filing and registration in the office of the judge of probate of the clerk's certificate of a judgment, which judgment contained a waiver of exemptions as to personal property, but the certificate did not recite such waiver, the judgment debtor sells property ordinarily exempt from execution, the purchaser acquires no title to the property which prevents the enforcement of plaintiff's lien thereon.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

This was a trial of the right to property, which was instituted, as required by the statute, upon the levy of an execution issued on a judgment rendered against M. W. Faulk in favor of G. C. Collier, upon certain property supposed to have been the property of M. W. Faulk, the defendant in execution, and to which the appellant, J. B. Reynolds, interposed a claim.

The facts of the case are set forth at length in the opinion. The claimant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If they believed the evidence, they must find for the claimant." (2.) "If they believed from the evidence that but one execution had been issued on the judgment in the case of G. C. Collier v. M. W. Faulk prior to Oct. 14th, 1890, and that such prior execution

[Reynolds v. Collier.]

had been issued in June, 1889, then an entire term of the said court had intervened between the said two executions, and in January, 1890, there was no execution on the two mules in favor of said Collier; and that if Reynolds bought the two mules in January, 1890, and paid a fair and adequate price for them, then the verdict must be for the claimant." (3.) "If they believed from the evidence that said defendant Faulk had or owned less than one thousand dollars worth of personal property in January, 1890, at the time he sold the mules to Reynolds, and that at such time Faulk was a *bona fide* resident citizen of Barbour county, and that he sold and delivered the mules to Reynolds at said time for a fair and adequate price, and that Reynolds bought them in good faith, then the verdict must be for the claimant." (4.) "If the plaintiff, Collier, in January, 1890, had any lien at all upon the two mules, it was by virtue of the judgment recorded in the office of the probate judge of Barbour county, and that judgment did not show that it was founded on any instrument in writing in which the defendant waived his right under the laws of Alabama to claim one thousand dollars worth of personal property exempt to him from sale under execution; and that if at the time of the alleged sale of Reynolds, Faulk was a *bona fide* resident citizen of Barbour county, and he did not own or possess personal property and effects exceeding one thousand dollars in value, and that Reynolds bought and took the mules from Faulk at such time, in January, 1890, in good faith and at a fair and adequate price, then the verdict must be for the claimant."

There was judgment for the plaintiff, and the claimant appeals; and assigns as error the giving of the charges requested by the plaintiff, and the refusal of the court to give the several charges asked by claimant.

HENRY D. CLAYTON, for appellant.

ALSTON & PEACH and ROQUEMORE & WHITE, *contra.*

HARALSON, J.—A judgment was obtained by appellee, G. C. Collier, in the circuit court of Barbour county, on the 24th day of May, 1889, against M. W. Faulk, for $458.35 and costs, on which an execution is-

sued on the — day of June, 1889, and no execution is shown to have been issued thereon afterwards, until the 14th day of October, 1890. The judgment contained this provision, at its conclusion : "It appearing to the court that the instrument of writing upon which this judgment is rendered, contained the defendant's waiver of exemptions as to personal property, the defendant will not, therefore, be allowed any exemptions as to personal property as to this judgment." The execution issued on the 14th October, 1890, contained an order of the clerk of the court, written on the execution, reciting that "the note upon which the judgment is founded contained a waiver of exemptions as to personal property in the collection of this execution." This execution was levied by the sheriff on the mules, which were claimed by J. B. Reynolds, the appellant. Issue was made up between him and the plaintiff in the execution ; and on trial had, judgment was rendered in favor of the plaintiff against the claimant.

On the trial it was shown, that on the 15th June, 1889, the clerk of the court certified to the amount and date of said judgment, the amount of the costs, the court by which said judgment was rendered, the names of the parties to it, and the name of the plaintiff's attorney, which certificate of the clerk, as shown by the certificate of the probate judge of the county of Barbour, was filed for registration in his office on the 15th day of June, 1889, and was recorded in a book kept by him for that purpose. The registry did not show the name of the owner of the judgment, except as would be inferred from the certificate of the clerk. In the clerk's certificate, there was an omission as to the waiver of exemptions as to personal property, and of any reference thereto.

It was shown by the claimant, Reynolds, the appellant, that he purchased said mules so levied on from defendant, Faulk, in January, 1890, and paid him therefor a full and fair value, and they were delivered to him at the time he purchased them ; that in January, 1890, and in 1889, said Faulk was a *bona fide* resident of the county of Barbour, and during those years, did not own or possess personal property, or effects worth $1,000 ; that Faulk rented a farm from Reynolds for the year 1890, after he had sold the mules to Reynolds in January, and Reynolds hired them to him for that year, to cultivate the farm.

The claimant requested several charges, which the court refused to give, one of which was the general charge in his favor. Judgment was rendered for the plaintiff.

The only question in the case we need to consider is, whether the filing and registration of the certificate of the clerk in the probate court, before the claimant purchased the mules, was notice to him of the waiver of exemptions as to personal property as shown in the body of said judgment.

Before the statute of 1886-87, (Code, p. 635, note), judgments were not liens on the real or personal property of the defendant. But, a writ of *fieri facias* was a lien, within the county in which it was received by the officer authorized to execute it, on the property of defendant subject to levy and sale, (Code, § 2892), from the time only that the writ was received by such officer; which lien continued as long as the writ was regularly issued and delivered to such officer, without the lapse of an entire term.—Code, § 2894. This section of the Code was not repealed by said act of 1886-87, and is still in force, so that, a plaintiff may acquire and keep alive his lien on defendant's property in the county, by issuing execution on his judgment and keeping it alive in the manner prescribed therefor by said section 2894 of the Code, or else, he may save himself that trouble and risk of keeping it regularly issued, and proceed under said act of 28th February, 1887, and record in the office of the probate court a certified statement of his judgment, such as is required, and in the manner directed by said act of 1887, and the same will be accomplished, as if he had issued executions and kept them up,—the language of the statute being, ''and every judgment or decree, so filed and registered, shall be a lien upon all the property of the defendant in such county, which is subject to levy and sale under execution.''

In the *Decatur Charcoal Chemical Works v. Moses*, 89 Ala. 542, this court construed said act of 1887, holding it was intended to take the place and have the effect of an execution in the hands of the sheriff, ''as an instrumentality of creating and preserving a lien.'' The record of such judgment, then, gave the plaintiff therein the right to enforce the same, on an execution issued thereon, at any time within ten years, just in the same man-

ner and to the same extent, as if executions had been regularly issued on the judgment, without any lapse, up to that time. If a plaintiff's judgment was recovered in an action of tort or on a waiver contract, then the execution would run against all the property mentioned in said section 2892 of the Code. If upon a simple contract, without waiver of exemptions, then against the property therein mentioned, in excess of the exemptions allowed at the date of the contract. It was not the design of the act, to give the plaintiff any less efficacious a lien by recording his judgment, than he would have had, if he had depended on the execution lien and had kept it alive; but one equally efficacious.

It will be noticed, that the act providing for the record, does not require the minute entry of the judgment to be recorded. The certificate of the clerk is only required to show, "the court, which rendered the same, [judgment or decree], the amount and date thereof, the amount of costs, the names of the parties and the names of the plaintiff's attorney;" and, * * "the registration of such judgment or decree shall be notice to all persons of the existence of such liens."

In a judgment rendered for plaintiff in an action of tort, there are no recitals in reference to exemptions, and persons examining it would not be informed whether its recovery was based on tort or contract. To give such notice, the judgment entry would have to contain something not necessary to its validity or completeness, and this would not operate notice of the foreign matter introduced, since the record of that not required by the law to be recorded, does not operate constructive notice of such recorded matter.

We hold that under the record of the certificate in this case, the claimant was bound to take notice of the character of the judgment rendered, and of all it contained. Defendant's sale of the property to the claimant, gave the latter no title to the property which exempted it from plaintiff's lien, and from levy and sale under plaintiff's execution.

The charges requested by claimant were properly refused, and the judgment is affirmed.