# Street, Executor *v.* Duncan.

*Statutory Trial of the Right of Property.*

1. *Lien of registered judgment; continued though property removed to another county.*—Under the provisions of the statute (Code of 1896, §§ 1920-1922) the filing and registration in the office of the judge of probate of a judgment or decree, gives it a lien "upon all the property of the defendant in such county which is subject to levy and sale under execution;" and the removal of any of the property owned by the defendant from the county of registration to another county, does not impair or displace the lien, but the lien continues upon the property after its removal to the other county, and the plaintiff in the judgment can make such lien effectual by having an execution issued on said judgment levied upon the property in the county to which it is removed.

2. *Same same; right of purchaser from defendant.*—Where after a judgment has been filed and registered in the office of the probate judge, in accordance with the statute making such judgment so registered a lien upon the property of the defendant, the defendant in

[Street, Executor, v. Duncan.]

the judgment sells some of his property, and the purchaser thereof re-
moves it to another county prior to the issuance of an execution upon
said registered judgment, such purchase of the property and its re-
moval did not displace or impair the lien of the plaintiff in the judg-
ment created by its registration, and such purchaser's right to the
property is subordinate to the lien.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. N. D. DENSON.
The facts of the case are sufficiently stated in the
opinion.

KNOX, BOWIE & DIXON, for appellant.—Where a judg-
ment is recorded, under the . Act of February 27, 1887,
the registration of the judgment creates a lien on the
defendant's property, whether execution is issued and
regularly kept or not, and the recording of the judg-
ment certificate preserves the lien exactly to the same
extent as if executions had been issued without a lapse.
*Reynolds v. Collier*, 103 Ala. 245.

THOMAS L. BULGER, *contra*, cited *Hill v. Slaughter*, 7
Ala. 632; *Pond v. Griffin*, 1 Ala. 678.

HARALSON, J.—Trial of the right of property
levied on under execution.
E. P. Duncan, not a party to the writ, on the 31st
December, 1896, proceeding under section 3004 of the
Code of 1886, (Code of 1896, § 4141), made affidavit
and executed a claim bond for the property, as required
by said section of the Code.
On the trial, each party asked the general charge.
The court refused the one requested by the plaintiff,
and gave the one requested by the claimant.
The theory upon which the plaintiff tried the cause,
and on which he relied for recovery was, that his re-
corded judgment in Clay county, gave him a lien on the
property in Tallapoosa county, which could not be dis-
placed when it was sold to the claimant and removed by
him into the latter county, and it was there, subject to
the levy of his execution, though it had remained in and
been levied on in Clay county.
The statute for the registration of judgments and
making them a lien on property of defendants therein,
adopted February 28, 1887, provides, that, "every judg-

ment or decree, so filed and registered, shall be a lien upon all the property of the defendant in such county, which is subject to levy and sale under execution; and such lien shall continue for ten years from date of such registration." Code of 1886, p. 635, note; Code of 1896, §§ 1920–1922.

Before this statute was enacted, a writ of *fieri facias* was a lien within the county in which it was received by the officer authorized to execute it, on the property of defendant subject to levy and sale, from the time only that the writ was received by such officer, which lien was continued as long as the writ was regularly issued and delivered to such officer without the lapse of an entire term.—Code of 1886, § 2894, (Code of 1896, § 1892). This section was not repealed by said act of 1887, but is still of force, so that a plaintiff may acquire and keep in force his lien on the defendant's property in the county issuing execution on his judgment and keeping it alive in the manner prescribed by said section 2894 of the Code of 1886, or he may omit this, and by recording his judgment in the manner prescribed by said act of 1887, may accomplish the same result. The record of such judgment gives the plaintiff therein the right to enforce the same by an execution issued thereon, at any time within ten years, just in the same manner and to the same extent, as if executions had been regularly issued on the judgment without the lapse of a term, up to that time. The recorded judgment was intended, as we have held, to have the effect of an execution in the hands of the sheriff, "as an instrumentality of creating and preserving a lien."—*Reynolds v. Collier*, 103 Ala. 245, 248; *Enslen v. Wheeler*, 98 Ala. 200; *Decatur C. Works v. Moses*, 89 Ala. 542.

"The lien of an execution," says Mr. Freeman, "does not transfer title. It does not change the right of property, and vest it at once in the plaintiff in execution, nor in the officer charged with the execution of the writ. It confers, however, the right to levy on the property to the exclusion of all transfers and liens made by the defendant subsequent to commencement of the execution lien. When the levy and sale are made, the title relates back to the inception of the lien, and thus takes precedence over all transfers and encumbrances made subsequently to such inception."—1 Freeman on

Executions, § 195; *Sawyer v. Ware*, 36 Ala. 676, 682; *Thames v. Rembert*, 63 Ala. 573; *Watson v. Steele*, 78 Ala. 361.

Again it was long ago held, that when an execution lien once attaches, it cannot be lost without some act with which the plaintiff is chargeable, or neglect which the law makes prejudicial to his rights (*Wood v. Gary*, 5 Ala. 43); and that the removal of the property to another county, without the consent or connivance of the plaintiff, will not impair it. The lien follows the property to the county into which it is removed.—*Spyker v. Spence*, 8 Ala. 338; *Hill v. Slaughter*, 7 Ala. 632; *McMahan v. Green*, 12 Ala. 71, 73; *Newcombe v. Leavitt*, 22 Ala. 631; 1 Freeman on Executions, § 198. The interposition of a claim under the statute by one setting up a claim thereto, to try the right of the property levied on, does not impair or destroy the lien of the execution. "It only suspends the right of sale pending the litigation. If the claim is successfully maintained, the lien is destroyed. If it fails, the claimant and his sureties must restore the property to the levying officer, or pay its assessed value."—*Sandlin v. Anderson*, 82 Ala. 330, 333; *Munter v. Leinkauff*, 78 Ala. 546, 548.

The evidence in the case shows without conflict, that the plaintiff's judgment against defendant in execution, was rendered in the circuit court of Clay county, where the defendant resided, on the 15th August, 1895, and was recorded in the office of the judge of probate of said county of Clay on the 17th December, 1895; that the mule levied on, while in Clay county, had been sold by defendant to the claimant, Duncan, on the 28th or 29th of December, 1896, more than a year after the record of said judgment, and was immediately removed by him to Tallapoosa county, and he had it there in his possession at the time of the levy, and that the execution was issued to the sheriff of Tallapoosa county and was received and levied by him on the mule, on the 31st of December, 1896, while in the possession of the claimant, Duncan.

It follows from what has been said, that the removal of the property levied on from Clay, to Tallapoosa county, had no effect to displace or override the plaintiff's recorded judgment lien on it, but that the lien existed and continued in his favor, with the accruing

[Babcock v. Carter *et al.*]

right to make the same effectual by execution sent to Tallapoosa county, to the same extent, as if the property had never been removed from the former to the latter county, but had remained and been levied on in Clay county ; and that the purchase of the property by the claimant from defendant in execution, prior to the date of the receipt and levy of the execution by the sheriff of Tallapoosa county thereon, had no effect to displace or impair the plaintiff's lien on it.

The general charge requested by plaintiff, should have been given, and the same charge requested by and given for claimant, should have been refused.

Reversed and remanded.