# Canning *v.* Truss.

*Statutory Trial of the Right of Property.*

1. *Lien of judgment; continuance when purchaser of property removes to another county; right of purchaser from defendant.* Where after a judgment has been filed and registered in the office of the probate judge in accordance with the statute making such judgments so registered a lien upon the property of the defendant, the defendant in the judgment sells some of his property, and the purchaser thereof removes it to another county prior to the issuance of an execution upon said registered judgment, such purchase of the property and his removal do not displace or impair the lien of the plaintiff in the judgment created by its registration, and such purchaser's right to the property is subordinate to the lien.

APPEAL from the Circuit Court of St. Clair.
Tried before the Hon. GEORGE E. BREWER.
This was a statutory trial of the right of property,

[Canning v. Truss.]

which was instituted by the testate of the appellee interposing a claim to property which had been levied upon under execution issued on a judgment recovered by the appellant against J. D. Turner and others. There were verdict and judgment for the claimant, and from this judgment the present appeal is prosecuted. The sole question presented on this appeal is, whether plaintiff's execution lien at one time existing in Etowah County, upon the property of Turner, the defendant, in such county, will prevail against the claimant who purchased said property in St. Clair county from the person to whom the defendant Turner had sold said property; the claimant having paid full value for said property, without notice of plaintiff's claim.

M. M. SMITH, for appellant.—The lien, which it was admitted in open court by the claimant, that the plaintiff in execution had on the bay mare in Etowah County, the same being the property in controversy, was not lost by the removal of the bay mare to St. Clair county, and it was legal and competent for said plaintiff in execution to reassert his lien in St. Clair county by sending the *fi. fa.* to the sheriff of St. Clair County, there having it levied, as was done in this case, on the bay mare in controversy.—*Hill v. Slaughter,* 7 Ala. 632; *McMahan v. Green,* 12 Ala. 71.

J. F. OSBORN, *contra.*

McCLELLAN, C. J.—The judgment in this cause was affirmed at the special term of this court held in October last. The judgment then entered was stated on the record to be upon the authority of *Street v. Duncan,* 117 Ala. 571, whereby the opinion in that case was adopted as the opinion in this. It appears by this opinion that the judgment intended to be entered was one of reversal and not one of affirmance of the judgment of the trial court; and the opinion taken in connection with the reference to it in the judgment entry then made furnishes competent and sufficient authority upon which to now enter as of that term the judgment which the court should have then entered and intended then to enter, but

.which through a mere clerical misprision was not then entered.—*State ex rel. v. Mayor & Aldermen of Mobile*, 24 Ala. 701. It accordingly will be ordered that the judgment of affirmance of Oct. 29th, 1898, be expunged, and that judgment be now rendered to have effect as of that date reversing the judgment of the St. Clair Circuit Court and remanding the cause, on the authority of *Street v. Duncan*, 117 Ala. 571.

Reversed and remanded.