# Rike, *et al. v.* Ryan, *et al.*

### *Bill by Creditors to Set Aside and Declare Fraudulent Certain Sales and a Mortgage.*

(Decided June 30, 1906.   41 So. Rep. 959.)

1. *Fraudulent Conveyances; Actual Fraud; Burden of Proof.*—In order to set aside a mortgage, made before complainants' debts were created, for fraud, the burden is on complainants to show actual fraudulent intent participated in by both mortgagor and mortgagee.

2. *Chattel Mortgages; Retention of Possession.*—The fact that the mortgagor retains possession of the mortgaged chattels, or that the mortgage contains a provision authorizing tthe same, is not such a reservation of a benefit as will invalidate the conveyence as to existing or subsequent creditors of the mortgagor.

3. *Same; Failure to Record.*—The failure to record a chattel mortgage, unless purposely withheld for concealment or to give the mortgagor false credit, can have no other effect than to postpone its lien to after required liens.

4. *Fraudulent Conveyances; Preferences.*—If the debt be bona fide, the payment absolute, and the property conveyed does not materially exceed in value the amount of the debt, a debtor may prefer his creditors.

5. *Same; Evidence.*—A mortgage given in good faith to secure money loaned from time to time, and at a time when the mortgagee had no reason to believe that the mortgagor was embarrassed, and while the mortgagor's credit was still good, is not fraudulent.

6. *Same; Exempt Property.*—A conveyance of personal property of less value than the statutory exemption by a debtor, is not subject to attack by creditors.

APPEAL from Morgan Chancery Court.

Heard before HON. W. T. SIMPSON.

This was a bill filed by numerous creditors seeking to have set aside and annulled as a fraud on creditors certain mortgages and sales made by Rike to the other parties named as respondents, and for receiver to take

charge of the property. The accounts alleged to be due were variously made between the dates of Oct. 6, 1901, and March 24, 1902. The bill alleges the execution by Rike to Gunn of a mortgage dated May 19, 1902, for $790 on certain property described therein, and also alleges that the indebtedness was fictitious, and that it was without consideration, and was executed to hinder, delay, and defraud creditors. That on February 28, 1902, the said Rike, being heavily embarrassed, sold and conveyed to one John Patgens a half interest in Rike's saloon business, stock, trade, and fixtures; that this sale was wholly without consideration, and that Falk claims the mortgage on an undivided half interest in a steamboat; that the date and amount of said mortgage complainants are unable to give. It further alleges that Falk has taken no control or management of said steamer. The other facts sufficiently appear in the opinion.

WERT & WERT, C. C. HARRIS and JOHN C. EYSTER, for appellant.—The consideration being shown the burden of proof of fraud lies on the creditor.—*Hodges v. Coleman*, 76 Ala. 103. To render a sale of property fraudulent it must be shown that the debtor had a fraudulent intent and that in such intent the purchaser participated.—*Shealy v. Edwards*, 75 Ala. 411. If an insolvent debtor gets a reasonable value for the property he may sell the same in the payment of an antecedent debt to the exclusion of his other creditors.—*Levy v. Williams*, 79 Ala. 171; *Beddow v. Shepperd*, 118 Ala. 474; *Morris v. Campbell*, Ib. 333; *Bates v. Vandiver*, 102 Ala. 249. If a mortgage is given and taken in good faith to secure a bona fide debt the fact that it may hinder or delay creditors does not render it void.—99 Ala. 119; 113 Ala. 652. The conveyance of exempt property is not fraudulent and void as to creditors.—107 Ala. 170; *Pollock v. McNeill*, 100 Ala. 203.

A. J. HARRIS and E. W. GODBY, for appellee.—No brief came to the reporter.

SIMPSON, J.—This was a bill filed by the appellees, who are creditors of the appellant Rike, to set aside and

[Rike, *et al.* v. Ryan, *et al.*]

declare fraudulent certain sales and mortgages of personal property m&ade by said Rike at different times to the other appellants severally.

Each transaction then necessarily stands on its own basis, and must stand or fall alone. It will be noticed that the mortgage made to Falk was made before any of the debts were created, so that, in order to set aside that mortgage as fraudulent, the burden rests upon the complainant to show an actual fraudulent intent participated in by both mortgagor and mortgagee.—3 Mayfield's Dig. p. 875, No. 36; 5 Mayfield's Dig. p. 476, No. 13. The cases of *McDermott v. Eborn*, 90 Ala. 258, 7 South. 751, and *Christian & Craft Grocery Co. v. Michael & Lyons*, 121 Ala. 84, 25 South. 571, 77 Am. St. Rep. 30, rest upon the familiar principle that a mortgage of goods which are to be retained and used up by the mortgagor, such as a stock of goods, or lumber which he is constantly selling, is fraudulent per se. On the other hand, the very essence of a mortgage of ordinary property, is that the property remains in the possession of the mortgagor until the mortgage is foreclosed by the mortgagee. In the case of *Howell v. Carden*, 99 Ala. 111, 10 South. 645, the court says: "The mere retention of possession by the mortgagor, or a provision in the mortgage to that effect, is not such a reservation of a benefit to him as invalidates the instrument against his existing or subsequent creditors."—*Upson v. Raiford*, 29 Ala. 188. And while in that case the mortgage was recorded, in another case this court has held that unless the mortgage is purposely withheld for the purpose of concealment, and to give the mortgagor a false credit, the only effect of it would be to postpone it to after acquired liens.—*Lehman Durr Co. v. Van Winkle & Co.*, 92 Ala. 443, 450, 8 South. 870. There is no proof in the record to show any such fraud as the law requires to set aside this mortgage.

"To authorize a conveyance or sale made by a debtor to be pronounced fraudulent, two things must concur. The transaction must be shown to be infected with a fraudulent intent on the part of the grantor, and this must be participated in by the grantee."—*Shealy & Finn*

*v. Edwards,* 75 Ala. 411, 416; *Howell v. Carden, supra;* 3 Mayfield's Dig. pp. 876-7, No. 42. A debtor may prefer his creditors if the debt be bona fide, the payment absolute, and the property not materially in excess of the debt.—3 Mayfield's Dig. p. 874, No. 34. "The rule is that when the payment of a valuable consideration is shown, the burden is cast upon the complaining creditor to prove the existence of a fraudulent intent, and that such intent was known to the grantee of the conveyance assailed."—*Allen v. Riddle,* 141 Ala. 621, 626, 37 South. 680; *Morrow v. Campbell,* 118 Ala. 330, 340, 24 South. 852.

Referring to the mortgage of Rike to Gunn (May 19, 1902) the testimony of Gunn shows that he had loaned various sums to the defendant Rike, from time to time; that Rike was running a saloon, also operating a steamboat and barges; that the debt was finally secured by the mortgage in good faith; that he did not know and had no reason to believe that Rike was embarrassed, and there is no proof to contradict this, or even to show that Rike was embarrassed at that time. On the contrary, his credit seems to have been good at that time, as the complainants were selling him goods on credit about that time. Under the authorities above cited the court erred in declaring this mortgage fraudulent.

With regard to the saloon fixtures, the testimony of Falk is clear that he bought them and placed them in the store which he rented to Rike; that Rike agreed to pay him $5 per month as rent for the fixtures and did pay said rent, and that he told him that whenever he wished to buy them he could do so for $225. The receipts are produced and identified corroborating his statement, and it is further shown that when Rike sold out his business the fixtures remained, and his successor paid the same rent. The discrepancies in Rike's testimony are not sufficient to overturn Falk's testimony. Rike testified that he was first in partnership with Patjens, then sold him the "white side" of the saloon, and these fixtures went to him. Patjens corroborates Rike about purchasing the "white side" of the saloon with the fix-

tures, and he was to pay Falk the $225 and have the fixtures.

In addition to all this, we think the evidence shows that the fixtures belonged to Falk, and all the other prop_ erty did not amount to the $1,000, which Rike had a right to claim and did ·claim under the exemption laws.

The decree of the court is reversed, and a decree will be here rendered dismissing the bill.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.