(99 South. 179)

## ROBINSON v. SHEARER et al.
(7 Div. 449.)

(Supreme Court of Alabama.   Feb. 7, 1924.)

1. **Payment** ☞70(6)—**Testimony of witness who saw notes that notes were not indorsed 'Paid' held admissible to disprove payment.**

In purchaser's action to compel conveyance and remove clouds, involving the issue whether purchaser had paid purchase-money notes, testimony that witness had a conversation with vendor at time notes were claimed to have been paid, that notes were shown to witness and were not indorsed 'Paid,' *held* admissible.

2. **Adverse possession** ☞63(5)—**Purchaser's possession not adverse to vendor.**

Purchaser's possession under a bond for title is not adverse to vendor, and there is no distinction as to the character of possession between that under a bond for title and that under an executory contract of sale.

3. **Judgment** ☞778—**Judgment became lien on land, subject to execution in county in which recorded.**

A judgment recorded in a county became a lien on all property of judgment debtor in such county, subject to execution under Code 1907, § 4157.

4. **Judgment** ☞780(3) — **Liens of vendor's judgment creditors enforced for amount due from purchaser when judgments were recorded.**

Judgment liens of vendor's judgment creditors will be enforced in equity for the amount due on land from purchaser on vendor's lien notes at time judgments were recorded; the amount so due being apportioned between judgment creditors according to the amounts of the judgments.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill in equity by R. B. Robinson against S. D. Shearer, J. C. Inzer, Bessie Wright Shearer, and others, in which the two last-named defendants filed cross-bills. From the decree rendered, the complainant appeals. Affirmed.

The bill is filed by R. B. Robinson, and alleges that complainant, on November 1, 1918, contracted to purchase and did purchase from S. D. Shearer the lands described in the bill at the price of $3,000, paying in cash $1,000, and was put in possession; that it was agreed that deed or bond for title would be executed by Shearer when complainant moved upon the land and made certain improvements, and that complainant did so move upon the land and make such improvements. It is averred that in furtherance of the agreement complainant and Shearer executed a contract on or about November 12, 1919, whereby Shearer contracted to sell to complainant the lands in question for a consideration of $2,184, for which complainant executed to Shearer seven notes for $312 each, payable on the 1st of each November thereafter; that complainant has paid off and satisfied six of said notes, which he has in his possession, and that the remaining note is in the hands of E. C. Williams.

It is further averred that S. D. Shearer has married since the date of the contract in question, and that his wife refuses to join in a conveyance of the lands; that said Shearer is confined in prison under conviction of a felony; that there are of record judgments against said Shearer in favor of Bessie Wright Shearer for $417.40 and costs, dated February 14, 1921; in favor of J. C. Inzer for $2,300 and costs, dated July 30, 1921; in favor of J. C. Stubbs and L. W. Jones for the amounts and of the dates shown. It is further averred that J. G. Shearer claims some interest in the notes in question.

The parties mentioned are made parties respondent to the bill, and it is prayed that title be conveyed to complainant by S. D. Shearer, that a lien in favor of E. C. Williams for the amount of the purchase-money note held

by him be decreed, and that the other claims or judgments mentioned be removed as clouds upon title.

. Decrees pro confesso were entered against all respondents except J. C. Inzer and Bessie Wright Shearer, who file separate answers and cross-bills, denying the payment by complainant of six of the purchase-money notes, alleging that, if in possession of complainant, they were procured without payment, asserting their separate judgments, and praying affirmative relief.

On hearing before the register, respondent J. C. Inzer testified to two conversations with respondent S. D. Shearer, in September and October, 1921; that Shearer told him he had and offered to sell him six notes executed by complainant, representing the purchase price of land; that the notes mentioned in the bill, and exhibited to the witness, were the same notes offered him by Shearer; that at that time they were not marked 'Paid' on the face thereof, and, to the best of his recollection, had no indorsement on the back thereof. To this testimony complainant objected on the ground, among others, that complainant was not present at the time of the conversations.

By its decree the court held that part of the testimony giving the conversation between witness and Shearer inadmissible, but held as admissible the fact of the conversation and the exhibition of the papers by Shearer to the witness.

Further, by its decree, the trial court held that four of the six notes in question had not been paid by complainant at the time of levy of execution upon the judgments of the two cross-complainants; that complainant was not entitled to relief; that cross-complainants were entitled to relief, but only to the extent of the amount of the four unpaid notes, with interest ($1,596.97); that liens be foreclosed in their favor for such amount, owed by complainant; that complainant be allowed 90 days in which to pay the same, failing which that the lands be sold. From this decree the appeal is prosecuted.

W. H. Cather, of Center, for appellant.

Counsel argue for error in the decree and cite Sellers v. Hayes, 17 Ala. 749; Meyer v. Mitchell, 75 Ala. 480; Sawyers v. Baker, 66 Ala. 292; Morgan v. Morgan, 3 Stew. 383, 21 Am. Dec. 638; Ross v. Parks, 93 Ala. 153, 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47; Dickinson v. Any, 25 Ala. 424.

Goodhue & Lusk, of Gadsden, and C. A. Wolfes, of Ft. Payne, for appellees:

Appellee's judgments, recovered after the contract to, sell, but before deed was made, constituted a lien upon the legal title to the land to the extent of the unpaid purchase price. 23 Cyc. 1373; Harrison v. Sollie, 206 Ala. 285, 89 South. 562; 39 Cyc. 1657; 27 R. C. L. (Vendor and Purchaser) § 189; Code 1907, § 4157; Cranford v. Anderton, 179 Ala.

211 ALA.—2

573, 60 South. 874; Manchuria Co. v. Donald & Co., 200 Ala. 638, 77 South. 12; Rankin v. Dean, 157 Ala. 490, 47 South. 1015; Central Co. v. Tarpey, 1 A. L. R. 1333. The presumption is that the conclusion of the trial court was upon legal testimony. Nelms v. Kennon, 88 Ala. 332, 6 South. 744.

THOMAS, J. The bill by the purchaser of land, in the actual and peaceable possession of the same, was to remove cloud from the title, and to discharge the balance due on the purchase price to the rightful owner thereof.

Decrees pro confesso were taken against certain of respondents, and answers and cross-bills were filed by J. C. Inzer and Mrs. Shearer, asserting superior liens of their respective judgments against the grantor, Shearer. The testimony was oral and taken before the register. Due submission for final decree was had upon pleadings, decrees pro confesso, and objections to testimony, and on the testimony specifically indicated, and complainant was denied relief, and there were decrees in favor of Inzer and Mrs. Shearer on their respective cross-bills.

[1] The objections and exceptions of complainant to the testimony of Inzer, detailing conversations with the grantor, Shearer, in the absence of complainant, were sustained by the court. The fact that witness had a conversation with Shearer at the time indicated, was exhibited the purchase-money notes, and that they were not then theretofore indorsed as indicated at the trial, was material and competent evidence against complainant offering said notes as marked 'Paid' on the dates indicated thereon. The other objections to testimony appear not to have been ruled on, or insisted upon. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

We have carefully examined the evidence, and are of opinion that complainant had not paid his notes (indicated in the decree) to Shearer for the purchase money of the land at the time the lien of executions or judgments of Inzer and Mrs. Shearer attached. The liens of judgment or execution creditors were superior and attached to the lands before payment by complainant of the four notes in question; and it is clear that complainant had notice or knowledge of the said liens before the four notes (aggregating $1,596.97) were paid.

[2] As to the nature of the possession taken by the purchaser thereunder, no distinction is made between executory contracts for the sale of lands and bonds for title—the possession taken by the vendee under a bond for title to land is not adverse to his vendor. Sellers v. Hayes, 17 Ala. 749; McQueen v. Ivey, 36 Ala. 308; Ormond v. Martin, 37 Ala. 598; Harrison v. Sollie, 206 Ala. 284, 89 South. 562; 1 L. R. A. 1333, note.

[3, 4] The judgment having been duly recorded in the county where the lands lay, be-

came a lien on all property of defendant in judgment, S. D. Shearer, subject to execution. In this case the legal title to the land was in defendant and subject to execution and enforceable in equity to the extent indicated in the decree.

Pertinent authorities are section 4157 of the Code; Sellers v. Hayes, 17 Ala. 749; Jefferson County Savings Bank v. Barbour, 191 Ala. 238, 68 South. 43; Crawford, etc., Co. v. Anderton, 179 Ala. 573, 60 South. 874; Manchuria, etc., Co. v. Donald & Co., 200 Ala. 638, 77. South. 12; Rankin v. Dean, 157 Ala. 490, 47 South. 1015; Bernstein v. Humes, 71 Ala. 266. See, also, 23 Cyc. 1373; 27 R. C. L. p. 474, §§ 189, 190.

The amounts due on the judgments to Inzer and to Mrs. Shearer are in excess of the sum of the balance of purchase money due on the land. The judgment liens will not be enforced in equity for a greater amount, and the said judgment liens were properly declared by the decree enforceable for the amount of $1,596.97, to be apportioned according to the amounts of the respective indebtedness of Shearer (to Inzer and to Mrs. Shearer) evidenced by their separate judgments.

The note of Shearer to Williams, not having been paid, is a lien on the land for the amount so evidenced and due or to become due, which is superior to the respective liens of Inzer and Mrs. Shearer.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.