**BIRMINGHAM NEWS CO. v. BARRON G. COLLIER, Inc. (6 Div. 283.)**

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied April 30, 1925.)

**1. Appeal and error ⬦1078(1)—Errors not argued in brief or argument considered abandoned.**

Errors assigned, but not argued in brief or argument, will be considered abandoned.

**2. Appeal and error ⬦987(2)—Judgment not disturbed unless plainly erroneous, where evidence was ore tenus and trial without jury.**

Judgment will not be disturbed unless plainly erroneous, under Code 1907, § 5359, as amended by Gen. Acts 1915, p. 824, where evidence was ore tenus and trial without jury.

**3. Judgment ⬦768(1)—Judgment lien on judgment debtor's automobile in county where filed.**

Proper certificate of judgment having been duly filed and registered in county where judgment debtor resided and its automobile was located, judgment was lien on automobile under Code 1907, §§ 4156, 4157.

**4. Execution ⬦321—Title, on levy and sale, takes precedence over transfers and incumbrances subsequent to inception of lien.**

When levy and sale are made under execution, title relates back to inception of lien and takes precedence over all subsequent transfers and incumbrances.

**5. Chattel mortgages ⬦197(1)—Chattel mortgage prior to judgment for debt contracted before execution of mortgage, though not recorded until after registration of judgment.**

Mortgage of automobile, executed and delivered November 13, and recorded November 15, held prior to judgment against mortgagor, filed and registered on November 14, where debt to judgment creditor was contracted before execution and delivery of mortgage; Code 1907, § 3386, declaring conveyances of personalty to secure debts inoperative against creditors and purchasers without notice until recorded being inapplicable.

**6. Chattel mortgages ⬦188(1)—Mortgage securing bona fide debt held not void as against existing creditor.**

Mortgage of automobile, securing bona fide debt and authorizing mortgagee on default to take possession of and sell car in satisfaction of debt, held not void as against existing creditor of mortgagor, under Code 1907, § 4287, though mortgagor was allowed to retain possession until default and to sell car on certain conditions.

**7. Detinue ⬦25—Plaintiff held entitled to judgment for property sued for or its value, with damages for detention to time of trial.**

In detinue for automobile, plaintiff's title to which was prior and superior to lien of claimant in possession, court should have rendered judgment for plaintiff for property sued for, or its alternative value, with damages for detention to time of trial, under Code 1907, §§ 3778, 3779, 3781.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Suit in detinue by the Birmingham News Company against Thomas J. Shirley, and claim by Barron G. Collier, Inc. Judgment for claimant, and plaintiff appeals. Reversed and remanded.

Metz & Griffith, of Birmingham, for appellant.

An unrecorded mortgage has priority over a judgment upon an indebtedness created prior to the execution of the mortgage. Diamond Rubber Co. v. Fourth National Bank, 171 Ala. 420, 55 So. 100; Code 1907, § 3386; Jackson v. Wilson Bros., 201 Ala. 529, 78 So. 883. Recording of a judgment does not give title to property. Street v. Duncan, 117 Ala. 571, 23 So. 523.

Thompson & Thompson, William S. Pritchard, and J. D. Higgins, all of Birmingham, for appellee.

A certificate of judgment, when recorded, constitutes a lien on all property of defendant subject to levy. Code 1907, § 4157; Robinson v. Shearer, 211 Ala. 16, 99 So. 179. Purchaser of property at sale under execution acquires property as of date of judgment. Cranford Mer. Co. v. Anderton, 179 Ala. 573, 60 So. 874. Conveyances of personal property, to secure debts or provide indemnity, are inoperative against creditors and purchasers without notice until recorded. Code 1907, § 3386; Howe v. Simison, 17 Ala. App. 59, 81 So. 837. Plaintiff's mortgage was void as against claimant. Code 1907, § 4287; Roden v. Norton, 128 Ala. 129, 29 So. 637; O'Neil v. Birmingham Brew. Co., 101 Ala. 383, 13 So. 576; Gray & Dudley v. Guthrie, 200 Ala. 6, 75 So. 318. Questions not presented by assignments of error will not be considered. S. C. rule 1; Cobb v. Malone, 92 Ala. 630, 9 So. 738; Halle v. Brooks, 209 Ala. 486, 96 So. 341; Hall v. Pearce, 209 Ala. 397, 96 So. 608. The judgment of the court will have effect as a jury verdict. Code 1907, § 5359; Gray v. Handy, 204 Ala. 559, 86 So. 548; Jackson v. Jackson, 204 Ala. 257, 85 So. 482; Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Benton Co. v. Owensboro Co., 207 Ala. 49, 91 So. 784; Pinckard v. Cassels, 195 Ala. 353, 70 So. 153.

MILLER, J. This is a detinue suit by the Birmingham News Company, a corporation, for one Rickenbacker phaeton automobile, against Thomas J. Shirley, as sheriff, and individually, defendant, and Barron G. Collier, Inc., a corporation voluntarily appeared and filed claim to the automobile under section 6051, Code 1907, and the defendant (Shirley) was discharged. The court tried the cause without a jury, rendered judgment in favor of Barron G. Collier, Inc., claim-

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ant, and the plaintiff, the Birmingham News, appeals from the judgment and assigns it as error.

[1] There are many errors assigned, but appellant in brief states "there is only one question in this case, whether or not the plaintiff or claimant had priority to the automobile," and then considers and argues only the errors assigned, based on the judgment of the court. All errors assigned, but not argued in brief or argument, will be considered by this court as abandoned. Ala. Mid. R. Co. v. McDonald, 112 Ala. 216, headnote 4, 21 So. 472; Park v. Whitfield, 210 Ala. 18, headnote 14, 97 So. 68.

[2] The conclusion of the trial judge and its judgment in the cause will not be disturbed when, as in this case, the evidence given before him was ore tenus, and the trial was before him without a jury, unless plainly erroneous. Halle v. Brooks, 209 Ala. 486, headnote 2, 96 So. 341; section 5359, Code 1907, as amended by Gen. Acts 1915, p. 824.

The plaintiff claims a lien on and title to the automobile through a mortgage executed to it by Garth Motor Company, Inc., on November 13, 1923, which was filed and recorded in the probate office of Jefferson county, Ala., on the morning of November 15, 1923, and was given to secure a debt of $1,300 due the mortgagee by the mortgagor, evidenced by five notes dated November 3, 1923. The mortgagor at that time was doing business in this state with its general office in Birmingham, Ala. The automobile was owned and in the possession of the mortgagor in Birmingham when the mortgage was executed, and it had been purchased by the mortgagor a few weeks (one or two) prior thereto. The plaintiff proved the value of the car, and that it was in possession of the defendant (the sheriff) when the detinue suit was commenced.

The claimant introduced in evidence a judgment in its favor against the Garth Motor Company, Inc., the mortgagor in the mortgage of the plaintiff, obtained in the circuit court of Jefferson county, Ala., on November 14, 1923, for the sum of $1,137.03, and cost of the cause and a certificate of that judgment by the clerk of the court, duly filed and recorded in the probate office of said county on November 14, 1923, as the statutes (sections 4156, 4157, Code 1907) permit. Afterwards an execution issued on this judgment, the sheriff executed it by levying on this automobile, sold it as the statutes permit to satisfy the judgment, and the claimant purchased it at the sale for $400, and it has been in its possession since the said purchase.

The plaintiff, as mortgagee, litigated by the evidence with the claimant as a judgment lien creditor of the mortgagor, the priority of their respective liens and titles to the automobile. Both claim from a common source, the mortgagor. The mortgage of plaintiff was executed November 13, 1923, filed and recorded November 15, 1923; the judgment of claimant was obtained against the mortgagor on November 14, 1923, and on the same day certificate thereof was duly filed and registered. The debt of the claimant, evidenced by the certificate of the judgment, was contracted by the mortgagor in May, June, July, August, and September, 1923. This was prior to the execution of the mortgage. The claimant had neither actual nor constructive notice of the existence of plaintiff's mortgage prior to the filing and registering of its certificate of judgment.

[3-5] A judgment, when filed, as provided in section 4156, Code 1907, shall be a lien on all the property of the defendant in the county where filed, which is subject to levy and sale under execution. Section 4157, Code 1907. "The recorded judgment was intended, as we have held, to have the effect of an execution in the hands of the sheriff, 'as an instrumentality of creating and preserving a lien.'" Street v. Duncan, 117 Ala. 571, 573, 23 So. 523. A proper certificate of this judgment of claimant having been duly filed and registered in the county where the mortgagor, judgment creditor, resided, and where its automobile was located, thereby made this judgment a lien on this automobile. Robinson v. Shearer, 211 Ala. 16, 99 So. 179; sections 4156, 4157, Code 1907. "When the levy and sale are made (under execution), the title relates back to the inception of the lien, and thus takes precedence over all transfers and incumbrances made subsequently to such inception." Street v. Duncan, 117 Ala. 573, 23 So. 523. This lien of this judgment of claimant on the automobile began, had its inception, on November 14, 1923, when a certificate thereof was filed and registered in the probate office. Authorities supra. The lien and title of plaintiff began, had its inception, on November 13, 1923, when the mortgage on it was executed and delivered to the plaintiff. This incumbrance of plaintiff on the automobile was made prior and not subsequent to the inception of the lien thereon of the claimant. This court in Jones v. State, 113 Ala. 99, 21 So. 231, held that section 3376 "was designed not to be a provision for the protection of bona fide purchasers without notice, for if that were the case, there would have been no necessity for section" 3386, Code 1907, which was then section 1814, Code 1896. This section 3386, Code 1907, provides "conveyances of personal property to secure debts, or to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded."

This court in construing this section (3386, Code 1907) in Diamond Rubber Co. v. Fourth Nat. Bank, 171 Ala. 425, 55 So. 101, wrote:

"This statute was intended to protect creditors who deal with the mortgagor upon the strength of his ownership of the property, and who did not know of an existing unrecorded mortgage on same, and does not apply to creditors existing when the mortgage was made."

Creditors and purchasers in this statute stand on the same footing, and creditors as used therein means "subsequent and not existing creditors" at the time of the execution and delivery of the mortgage. This court in Jackson v. Wilson Bros., 201 Ala. 529, 78 So. 883, held:

"That a failure to comply with the statute does not render the mortgage void as against the mortgagor and existing creditors, but only as against subsequent creditors (and certain others not necessary to here notice) without notice."

This was in a trial of right of property between claimant, an execution creditor, and the assignee of the mortgagee for chattels. This court in Hill v. Rentz, 201 Ala. 527, 78 So. 881, declared the same construction of this statute in a contest over personal property between an attaching creditor of the mortgagor and the mortgagee. The mortgagor did not own this automobile when claimant's debt was contracted. The debt of the claimant was contracted by the mortgagor some time prior to the execution and delivery of the mortgage to the plaintiff by the mortgagor, and this being a debt contracted prior and not subsequent to the execution and delivery of the mortgage, the mortgage is not void as to the claimant for failure of the mortgagee to file and record it before the certificate of the judgment was filed and registered, and the title of the plaintiff to the automobile by virtue of the mortgage is prior and superior to the lien of the claimant by and through the filing and registering of this certificate of the judgment. This statute (section 3386, Code 1907) does not apply to this judgment lien creditor (the claimant) of the mortgagor, because its judgment is based on a debt contracted by the mortgagor with it prior to the making of the mortgage to the plaintiff. Authorities, supra.

[6] The appellee insists the mortgage of the plaintiff is void under section 4287, Code 1907, as against claimant, an existing creditor of the mortgagor, when the mortgage was made. The applicable part of this statute provides "all conveyances * * * verbal or written, of goods, chattels * * * made in trust for the use of the person making the same, are void against creditors, existing or subsequent, of such person." The appellee also insists this mortgage is void as to it because it contains this clause:

"It is agreed, by and between the mortgagor and the mortgagee, that the mortgagor is to retain the above described property in his possession and to use same as a demonstration

car, and in the event said mortgagor finds a purchaser for the above-described property, the said mortgagee agrees to release the property from this mortgage, by the mortgagor giving a mortgage subsequently upon another car of the same value of the above described property, and upon its paying all notes due up to that date, and in the event of sale and the performing of the conditions herein set forth by the mortgagor substituting of other property, it will in no way affect the payment of the respective notes as they fall due."

This mortgage secures five notes of $260 each, aggregating $1,300, all dated November 3, 1923, one was payable on December 3, 1923, and one each successive month thereafter, and the notes bear interest from date. The mortgagor was to keep the automobile insured loss, if any, payable to the mortgagor to be credited on its debt as its interest may appear; if the mortgagor failed to insure it, then the mortgagee could do so, and the cost thereof was secured by the mortgage. The power of sale under the mortgage, granted to the mortgagee, became operative, and it was authorized to sell the automobile to pay its debt as the mortgage directed, "should default be made in the payment of any sum expended by the said Birmingham News Company, or should said notes, or any part thereof, or the interest thereon, remain unpaid at maturity, or should the interest of the Birmingham News Company or their assigns in said property become endangered by reason of the enforcement of any prior lien or incumbrance thereon, so as to endanger the debt hereby secured, then, in any one of said events, the whole of said indebtedness shall at once become due and payable and this mortgage be subject to foreclosure as now provided by law in case of past due mortgages, and the said Birmingham News Company, their agent or assigns, shall be authorized to take possession of the property hereby conveyed."

The proof shows the debt secured by the mortgage was bona fide. The mortgagee by the mortgage was authorized, in case of default in payment of the debt, or any part thereof, to take possession of the automobile, and sell it to satisfy in whole or in part the debt secured by it. It is true the mortgagor was allowed to retain possession of the property until default was made by him under the mortgage. This is usual in chattel and real estate mortgages. True, the mortgagor was permitted, under the mortgage, to sell the car but it was on the express conditions: First upon the mortgagor "paying all notes due up to that date;" and second, "upon the mortgagor giving a mortgage subsequently upon another car of the same value of the above described property" to secure the balance of the mortgage debt. These rights reserved by the mortgagor in the mortgage, would not render the conveyance one made in trust for the use

of the mortgagor. These benefits reserved by the mortgagor would not invalidate the mortgage against existing or subsequent creditors. This mortgage is not void as to claimant, an existing creditor of the mortgagor. Howell v. Carden, 99 Ala. 111, 10 So. 640; Rike v. Ryan, 147 Ala. 497, 41 So. 959; Kimbrough v. Alred, 202 Ala. 413, headnotes 8, 9, 80 So. 617.

[7] It appears from the evidence that the automobile is now in possession of the claimant. The title of the plaintiff to it is prior and superior to the lien and title of the claimant, and the court erred in rendering judgment in favor of the claimant; it should have rendered said judgment in favor of the plaintiff for the property sued for, or its alternative value, with damages for its detention to the time of the trial, as the statutes provide. Sections 3778, 3779, 3781, Code 1907.

The judgment is plainly erroneous; let it be reversed and the cause remanded, so a judgment may be rendered in favor of the plaintiff in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.