[Norman v. Burns.]

# Norman *v.* Burns.

### *Bill in Equity for Relief against Judgment at Law.*

1.   *Res adjudicata; rule applies in courts of equity as well as in courts of law.*
The principle, that a controversy which has been adjudicated by a court of competent jurisdiction, can not be re-opened by the same parties, or their privies, is obeyed in courts of equity, as well as in courts of law.

2.   *Judgment at law; when equity will relieve against.*—Although the jurisdiction is exercised cautiously, and sparingly, yet, if a party against whom a judgment at law has been rendered, shows by clear and precise allegations, supported by convincing proof, that he was without fault in failing to assert his legal rights or remedies, or has been prevented by fraud, accident, or surprise, or by the act of his adversary, from availing himself of them, and that the judgment is unjust, and oppressive, a court of equity will grant relief against it.

3.   *Same; when equity will not grant relief against.*—A court of equity will not relieve against a judgment at law, merely because it is erroneous, or because the Chancellor, from the evidence, would reach a different conclusion; nor will it grant relief on account of matters of pure legal cognizance, unless the party complaining acquits himself of all negligence in the assertion of his rights in the court of law, and the circumstances relied on to excuse the failure, must be shown to have been such that no exercise of diligence on his part could have guarded against them; a want of diligence being as fatal as the want of a valid defense, or the absence of any fact rendering it unconscientious to execute the judgment.

4.   *Attorney; authority to bind clients.*—An attorney may bind his client by a written agreement, as to any cause or proceeding, (Code of 1876, § 796), or by an entry on the minutes of the court; but the courts are prohibited (Rule 17, Code, p. 156), from acting on any verbal agreement made by attorneys in a cause or proceeding.

5.   *Judgment at law; equity will not relieve against on ground that attorney violated verbal agreement in taking it.*—A court of equity will not grant relief against a judgment at law, when the only defense was payment before its rendition, and the only reason shown for a failure to defend, was the verbal assurance of one of the attorneys for the plaintiff, that judgment would not be taken at the approaching term of court, and that he would correspond with his client, and try to secure an equitable adjustment of the controversy.

APPEAL from Talladega Chancery Court.

Tried before Hon. N. S. GRAHAM.

This was a bill in equity, and sought to perpetually enjoin a judgment at law, in favor of Norman *et al.* against Burns. The respondents answered denying the material allegations of the bill, and they also interposed a demurrer on the ground: 1. That the bill failed to show any facts which entitled the complainant to the relief sought thereby. 2. Because the bill showed that the complainant had failed to make any defense in the court of law, and failed to show a good and sufficient reason for such failure to defend. The

testimony in the cause was directed to the question of the payment of the note, on which the judgment was founded, against the enforcement of which complainant prayed an injunction, and was conflicting, but owing to the view the court takes of the case it is unnecessary to set it out. The Chancellor overruled the demurrer, denied a motion to dismiss the bill for want of equity, and rendered a decree perpetuating the temporary injunction, which had been granted. The rendition of the final decree, and also the decree overruling the demurrer, are assigned as error.

TAUL BRADFORD, for appellant.

JOHN T. HEFLIN, for appellee.

BRICKELL, C. J.—The object of the original bill, in which the appellee is complainant, is to obtain relief from a judgment at law, rendered in favor of the appellants, Norman and S. L. Martin, in the Circuit Court of Talladega county, and against the appellee, as survivor of the late firm of Burns & McCain. The judgment is founded on a debt owing by Burns & McCain to S. L. & B. R. Martin, for tobacco by them sold and delivered to Burns & McCain. The original existence and justness of the debt is not disputed, but it is averred that before the commencement of the suit at law, it was paid in full to B. R. Martin, in the latter part of the year 1861, or early in 1862, and a receipt taken, which has been lost or mislaid. The note by which the debt was evidenced was not surrendered when the payment was made, because it was at Martin's residence in Virginia, and the payment was made at the residence of the appellee in Alabama. Before the payment was made, it is admitted, the appellee had received notice of the assignment and transfer of the debt to one Jesse Wooten, through, and from whom, the appellants, Norman and S. L. Martin, claim and derive title. The appellee was induced not to make defense to the suit at law, by the verbal assurance of Martin, one of the attorneys for the plaintiff in the suit, that it was unnecessary, as no judgment against him would be claimed at the term of the court at which judgment was rendered; and he would correspond with his clients, and endeavor to bring about an equitable and satisfactory settlement of the matter, and would inform the appellee of the result of his correspondence. In violation of these assurances, the judgment was taken, and the appellee was not informed thereof until more than four months after its rendition.

That a court of equity can not relieve against a judgment

[Norman v. Burns.]

at law, merely because it may be erroneous, or because, in view of the evidence, the Chancellor would reach a different determination from that which may have been arrived at by the court of law, is well established. The one, and the other court, yields implicit obedience to the principle, that a controversy which has been adjudicated by a court of competent jurisdiction, shall not be re-opened by the same parties, or their privies. Yet, if a party, without fault or neglect on his own part, has been prevented by fraud, accident, surprise, or by the act of his adversary, from availing himself of his legal rights in a court of law, and avoiding an unjust, unconscionable judgment, a court of equity has jurisdiction to relieve him. The jurisdiction is exercised cautiously and sparingly, and only when by clear and precise allegation, supported by convincing evidence, the party not only acquits himself of all fault or negligence in failing to avail himself of his legal rights and remedies, but establishes that the judgment itself is unjust and oppressive, and that it is against good conscience to suffer it executed. "Without attempting," said C. J. Marshall, in *Marine Ins. Co. v. Hodgson*, 7 Cranch, 332, "to draw any precise line to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may be safely said, that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law ; or of which he might have availed himself at law, but was prevented by fraud, or accident, unmixed with any fault or negligence in himself, or his agents, will justify an application to a Court of Chancery." The doctrine has been acted upon, and is recognized in numerous cases in this court, and is so familiar that it is not necessary to refer to them specially.

The defense, and only defense, to the demand upon which the judgment at law is founded, is payment of it before the commencement of suit, a pure, legal defense of which the court of law had full and complete cognizance. The only reason for not making defense at law, assigned in the bill, is, the mere verbal assurances of one of the attorneys for the plaintiffs, that judgment should not be taken at the approaching term of the court of law ; that he would correspond with his clients, and endeavor to procure a satisfactory adjustment of the matters in controversy. The authority of an attorney at law, in this State, is very large ; and, because of its extent, the statutes and rules of practice, proceeding upon reasoning and principle, like unto that on which the statute of frauds is founded, declares that "an attorney has authority to bind

VOL. LXVII.

[Norman v. Burns.]

his client, in any action or proceeding, by any agreement in
relation to such cause, made in writing, or by an entry to be
made on the minutes of the court," (Code of 1876, § 796), and
that "no private agreement or consent, between the parties,
or their attorneys, relating to the proceedings in any cause,
shall be alleged or suggested by either party against the
other, unless the same be in writing, and signed by the party
to be bound thereby."—Rule 14, Code of 1876, 160 ; Rule 17,
156.  These rules of practice have existed for a long period.
They can be traced back to 1830, (Aik. Dig. 455, Rule 14), and
have been preserved in the same language in every subse-
quent revision of the rules by this court.  The legislature
was not content to leave them merely as rules of practice,
the administration of which could be tempered by the courts
to the exigencies and circumstances of particular cases.  In
the Code of 1852, the rule was in substance introduced as a
statute, mandatory in its terms, and has since continued in
each revision and codification of the statutes.  If it is con-
ceded that it was within the authority of Martin to bind his
clients by the assurances and promises, it is averred he made
so liberally, and the appellee intended reposing on them, he
was admonished by the law, they could not afford him pro-
tection unless reduced to writing, and signed by the party to
be bound thereby.  Abstaining from causing them to be
reduced to writing, and signed, was an abstinence from the
measure of diligence the law imposed upon him, and it is far
better that he should suffer damage from his own want of
diligence, or his misplaced confidence, than that a precedent
should be made lessening the dignity of judgments, and pro-
tracting strife and controversy.  The appellee could, if he
chose, repose in confidence upon the mere verbal assurances
and promises of the attorney of the plaintiffs, but it was at
his own peril.  The law appointed the mode in which these
assurances and promises could be made binding on the
plaintiffs.  Until in that mode they were expressed, the value
which can be placed on them, is no greater than that which
can be attached to the acts or agreements of mere strangers
bearing no relation to the plaintiffs.  The act of an attorney,
or agent, exceeding authority, is of no greater force, than the
act of one who, without authority, assumes to act for a prin-
cipal.  It was upon the good faith, the attention, and dili-
gence of the attorney making these verbal assurances and
promises, the appellee relied, and not upon his authority to
bind the plaintiffs in the judgment.  It may be their confi-
dence was misplaced, but they trusted when the plaintiffs,
nor the law, invited them to trust, and if evil is wrought they
must accept it as the fruit of their own improvidence.  Because

[Warwick et al. v. Burns.]

of matters of pure legal cognizance, a court of equity will not relieve against a judgment at law, unless the party complaining acquits himself of all negligence in the assertion of his rights in the court of law. The highest degree of diligence is exacted from him, and if it is not exhibited, the court will not intervene. The circumstances which are relied upon to excuse the failure to defend at law, must have been such that no exercise of diligence on his part could have guarded against. A want of diligence, is as fatal as the want of a valid, substantial defense, or the absence of any fact rendering it unconscientious to execute the judgment.—*Mock v. Cundiff*, 6 Port. 24; *French v. Garner*, 7 Port. 549; *Drew v. Heaque*, 8 Ala. 438.

The decree of the Chancellor is reversed, the injunction heretofore granted is dissolved, and a decree is here rendered dismissing the original bill at the cost of the appellee in this court, and in the court of chancery.