(78 South. 883)

JACKSON v. WILSON BROS. (5 Div. 694.)

(Supreme Court of Alabama. April 18, 1918.)

1. APPEAL AND ERROR ⟨⬤➡173(6)—OBJECTION BELOW—REVIEW.

In a claim suit under Code 1907, §§ 6039–6053, where no question as to noncompliance with section 3386, relating to the recording of mortgages and to the effect of failure to record, was raised in the lower court, it could not be raised on appeal.

2. EXECUTION ⟨⬤➡194(1)—CLAIM SUIT—BURDEN OF PROOF.

If mortgaged property, because of irregularities in execution of the mortgage, or in its recordation, under Code 1907, § 3383, did remain subject to execution, the burden was on the execution creditor to show such facts, under section 6040.

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

Statutory claim suit by J. C. Jackson against Wilson Bros. Judgment for claimant, and plaintiff appeals. Transferred from the Court of Appeals under section 6, p. 449, Act of April 18, 1911. Affirmed.

George A. Sorrell, of Alexander City, for appellant.

MAYFIELD, J. This is a statutory claim suit, for the trial of right of property to chattels between appellant, an execution creditor, and appellee, the assignee of a mortgage. Code, c. 144, §§ 6039–6053. Both parties claimed title through a common source; one as an execution creditor, the other as assignee of a mortgage. The mortgage was prior in date to any judgment or execution lien, and, if valid, passed the title by assignment to appellee, the claimant.

It is insisted in argument by appellant, the plaintiff, that it was not shown that the mort-

gage was recorded in the county of the residence of the mortgagor, and in the county in which the property was located, as provided by section 3386 of the Code, and that, unless so recorded, the mortgage was void as against the plaintiff, a creditor of the mortgagor.

[1, 2] There are several answers to this contention. One is, that it was shown by inference that the statute in question was complied with; and no question as to the statute's not being complied with was raised in the lower court. Another is, that a failure to comply with the statute does not render the mortgage void as against the mortgagor and existing creditors, but only as against subsequent creditors (and certain others not necessary to here notice) without notice. Code, § 3383. Third, that the burden of proof is by the statute (Code, § 6040) cast on the plaintiff to show that the property is that of the defendant, and is liable to the satisfaction of the writ or process.

There was evidence to show that the property was that of the defendant, but not to show that it was liable to the satisfaction of plaintiff's process. The mortgage prima facie passed the title out of the defendant and mortgagor, so that it was not liable to the process in question. If the mortgaged property, because of irregularity or invalidity in the execution of the instrument, or in its recordation, did remain subject to the process, the burden was on the plaintiff to show these facts—and none of them were shown.

It is insisted by appellant that the assignment of the mortgage was not sufficient to pass the legal title to the chattels, although it did pass title to the mortgage debt. It is unnecessary to decide this question, because the statute (Code, § 6039) expressly authorizes a recovery in an action like this, under a legal or equitable title, or even a lien.

It follows that the trial court properly gave at claimant's request the affirmative instruction.

The principles involved on this appeal have been recently discussed, with citation of the authorities, in a decision of this court. Hill v. Rentz, ante, p. 527, 78 South. 881.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.