(85 South. 691)

**BRUNNIER v. HILL et al. (1 Div. 134.)**

(Supreme Court of Alabama. June 17, 1920. Rehearing Denied June 30, 1920.)

**Judgment ⬅441—Violation of counsel's oral agreement not ground for equitable relief against judgment.**

Bill to annul judgment in the justice court and to quash execution issued thereon was properly dismissed, where it alleged that complainant, to whom garnishment on a judgment against her husband had been issued, and who, after answering in writing, had been served with notice to answer orally, was told by the attorney for the garnishing plaintiff that the notice was only a form, and that it was not necessary for her to appear to answer orally, after which judgment was entered, execution issued thereon, and levied on her property; the agreement of counsel set up not being in writing and therefore being within the influence of circuit court rule 14 (Code 1907, p. 1520).

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Bill by Agnes T. Brunnier against Charles W. Hill and others to annul a judgment in the justice court and to quash execution issued thereon. From a decree dismissing the bill, complainant appeals. Affirmed.

The bill alleges that Hill sued Mr. Brunnier in the inferior court, recovered judgment, and had garnishment on the judgment issued to complainant; that complainant answered the judgment in writing, and later was served with notice to answer orally; that at the time of the receipt of the notice to answer orally she was making preparations to make a necessary visit to New Orleans, in the state of Louisiana, and that, she went to the office of Gerald H. Kruempel, who was attorney of record for Charles W. Hill, and asked him if it could not be fixed so that it would not be necessary for her to appear in court on Friday, May 19, 1916, to answer orally, whereupon Kruempel replied, "Oh, that is only a form; I thought the big press was still here;" whereupon oratrix said, "So it is not necessary for me to come?" and Kruempel replied, "No; it is not necessary." The bill further shows that judgment nisi was taken on May 19, 1916, and final judgment entered as of a later date, and execution issued thereon and levied on the property of plaintiff.

Frederick G. Bromberg, of Mobile, for appellant.

The fraud complained of was practiced in the very act of obtaining judgment against her and entitled her to relief. 189 Ala. 258, 65 South. 993; 170 Ala. 367, 54 South. 172. By permitting decree pro confesso, and failing to interpose demurrers, respondent waiv-

---

ed the provisions of rule 14. 10 Ala. 305;
6 Ala. 299; 11 Ala. 668.

No counsel marked for appellee.

THOMAS, J.   Bill in equity for relief
against a judgment at law.  The agreement
of counsel set up was not in writing, and
was within the influence of circuit court rule
14, Code 1907, p. 1520.  Collier v. Falk, 66
Ala. 223; Norman v. Burns, 67 Ala. 248;
Hendley v. Chabert, 189 Ala. 258, 267, 65
South. 993; Evans v. Wilhite, 176 Ala. 287, 58
South. 262.

The decree of the circuit court is affirmed.
Affirmed.

ANDERSON, C. J., and McCLELLAN and
SOMERVILLE, JJ., concur.