(92 South. 472)

## KIRKLAND v. C. D. FRANKE & CO.
### (4 Div. 985.)

(Supreme Court of Alabama. April 27, 1922.)

1. **Judgment** ⟗143(17)—**Oral agreement of counsel held not ground to set aside default.**

A verbal agreement of counsel that cause would not be called for trial until a certain term, relates to the proceedings in the cause and came within circuit court rule 14, Code 1907, p. 1520, and constituted no sufficient ground for relief from a default judgment in a proceeding under Code 1907, § 5372.

2. **Judgment** ⟗143(2)—**Diligence requisite to set aside default.**

In proceedings under Code 1907, § 5372, to set aside a default judgment on the ground of surprise, accident, mistake, or fraud, the petitioner must show himself to have been without fault and must have exercised diligence.

3. **Judgment** ⟗143(17)—**Defendant held not to have shown sufficient diligence to require setting aside default.**

One sued as a partner with others, who rested his right to relief upon a conversation between a codefendant and plaintiff's attorney concerning a dispute as to only one item of a verified account sued on, *held* not to have shown sufficient diligence and freedom from fault to warrant setting aside a default judgment taken against him, in a proceeding under Code 1907, § 5372.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Petition by J. J. Kirkland to set aside a judgment recovered against him and the other member of his firm by C. D. Franke & Co. From a judgment sustaining demurrers to the petition, the petitioner appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Petition by appellant to set aside the judgment rendered against him and one M. C.

---

Kirkland, as members of the partnership of M. C. Kirkland Auto Company. The judgment was recovered by appellee in a suit on a verified account. It was filed October 30, 1920, and the summons was served on both defendants the same day. Judgment was rendered by default on December 4, 1920. The petition sets up that, after service of summons, M. C. Kirkland called upon plaintiff's attorney in person, stating that he would pay the items of account except for one particular claim therein, and made an offer of settlement as to that claim, and plaintiff's counsel agreed to communicate with his client in regard thereto; and the petition alleges that plaintiff's counsel told him he would let him know what was said, and that the case would not come up for trial or order taken until the February term of court. Petitioner alleges that M. C. Kirkland informed him of the foregoing agreement with plaintiff's counsel, and petitioner did not take further action to defend the cause, nor enter an appearance or employ counsel, that no further notice was given, and the judgment was recovered on December 4th. The petitioner alleges that he was never a member of the partnership, and at no time has he had any interest or connection with such firm, nor did he authorize the purchase of the merchandise or have knowledge thereof, and is a total 'stranger to the partnership, M. C. Kirkland Auto Company, and is not bound by any contracts therewith.

Appropriate demurrers were filed, testing the sufficiency of the petition for relief, which were sustained. From the judgment denying relief, petitioner prosecutes this appeal.

Reid & Doster, of Dothan, for appellant.

The petition set up sufficient facts to entitle petitioner to have the judgment set aside upon proper proof of them. Sections 5372, 5373, Code 1907; 201 Ala. 15, 75 South. 304; 202 Ala. 330, 80 South. 412; 203 Ala. 205, 82 South. 455. The averments of the petition must be taken as true upon demurrer.

H. K. Martin, of Dothan, for appellee.

The court properly sustained the demurrers to the petition. 204 Ala. 559, 86 South. 549; 202 Ala. 330, 80 South. 412; 169 Ala. 389, 55 South. 994, Ann. Cas. 1912B, 366; 206 Ala. 79, 89 South. 280. Agreements of counsel, not reduced to writing, are within the influence of rule 14, Circuit Court Practice. 204 Ala. 403, 85 South. 691.

GARDNER, J. [1] This is a proceeding by appellant (petitioner in the court below) under section 5372 of the Code of 1907, seeking to have the judgment recovered against him in the court below set aside, upon the ground that he had been prevented from making his defense by surprise, accident, mistake,

or fraud, without fault on his part. Petitioner relied upon a verbal statement, alleged to have been made by counsel for plaintiff to M. C. Kirkland, his codefendant, to the effect that the cause would not be called for trial until the February term. The alleged agreement, not being in writing, and relating to the proceedings in the cause, comes within the influence of circuit court rule 14, Code 1907, p. 1520, and therefore constitutes no sufficient ground for relief. Brunnier v. Hill, 204 Ala. 403, 85 South. 691, and authorities there cited.

[2] Moreover, in cases of this character the petitioner must have shown himself to have been without fault, and must have exercised that degree of diligence required under the rule established by the decisions of this court. Hendley v. Chabert, 189 Ala. 258, 69 South. 993; Gray v. Handy, 204 Ala. 559, 86 South. 548.

[3] The petitioner alleges that he was an utter stranger to the partnership being sued, and was without any connection whatever with this account. He rests his right to relief upon the conversation had with his codefendant concerning a dispute as to one item of the account only. Though, under the conclusion above reached, it is unnecessary to determine the question, yet it may be seriously questioned, under these circumstances, that petitioner has shown proper diligence and freedom from fault in resting reliance upon the restatement of this conversation to him by his codefendant, and omitting any effort to interpose a defense. Hendley v. Chabert, supra.

The court below correctly ruled, and the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.