(134 So. 648)

**CHOCTAW BANK et al. v. DEARMON.**

2 Div. 980.

Supreme Court of Alabama.

April 23, 1931.

Rehearing Denied May 28, 1931.

Gray & Dansby, of Butler, for appellants.

Adams & Gilmore, of Grove Hill, for appellee.

BOULDIN, J.

The bill is to cancel and annul a judgment nil dicit in a claim suit because of alleged fraud, accident, or mistake in its procurement.

In aid of this main relief, the bill prayed an injunction against proceeding to enforce an execution issued upon the claim bond.

The appeal is from a decree overruling demurrers to the bill and denying a motion to dissolve the temporary injunction after hearing upon bill, answer, and demurrer, with supporting affidavits on both sides.

We deal first with the merits of the case of the claimant in the claim suit, one of the essential elements ·in a bill of this character.

Choctaw Bank 'obtained a judgment in the circuit court on a waive note against one Palmer. Execution, issued in due course, was levied upon a Ford automobile in possession of the judgment debtor. On the following ·day, J. S. Dearmon, complainant in the present suit, interposed his statutory claim to try the right of property. His claim was based upon a mortgage alleged to be held by him at the date of the levy, and given by the judgment debtor. This mortgage was not recorded when the levy was made, but it is averred, and supported by affidavits, that it was given subsequent to the incurring of the indebtedness upon which the judgment was rendered.

The recording statute is for the protection of creditors who may have extended credit on the faith of the debtor's ownership of property. It does not affect mortgages thereafter given, no question of fraud being involved. ·

The lien of an execution, dating from its levy, is not effective as against the mortgagee in such case. The same rule applies to an attachment lien, and the lien of a recorded judgment. Hence the race of diligence between the parties on the following day to register the judgment and to record the mortgage is unimportant. It does not matter who filed his paper first. Diamond Rubber Co. v. Fourth Nat. Bank, 171 Ala. 425, 55 So. 100; Birmingham News Co. v. Barron G. Collier, 212 Ala. 655, 103 So. 839; Jackson v. Wilson Bros., 201 Ala. 529, 78 So. 883; Hill v. Rentz, 201 Ala. 527, 78 So. 881; Mathis v. Thurman, 143 Ala. 560, 39 So. 360; Carew v. Love's Adm'r, 30 Ala. 577; Durden v. McWilliams, 31 Ala. 206.

The failure of the claim affidavit to state that the claim was based on a mortgage, as required by Code, § 10379, would, on objection, render the mortgage inadmissible as evidence. Drennen Co. Dept. Stores v. Brown, 212 Ala. 524, 103 So. 588; Ivey v. Coston & Co., 134 Ala. 259, 32 So. 664; Bennett, Adm'x v. McKee, 144 Ala. 601, 38 So. 129.

But the same statute now provides that the "affidavit may be amended as provided by section 6213 (2965)." The section thus incorporated authorized amendments in matter of form or substance. The omission was, therefore, not jurisdictional, and would not excuse a denial of a day in court, if, without fault or negligence on his part, judgment nil dicit was rendered against the claimant.

Failure to proceed under the four months' statute (Code 1923, § 9521), or to show good cause for not so doing, is no bar to the remedy in equity. The four months' statute is cumulative. Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456.

Touching the matter of fraud, accident, or mistake, relied upon as a ground of equitable relief, the bill avers that after one continuance at the instance of plaintiff, for absence of a witness, claimant being pres-

ent ready for trial, the case came up a second time when he was also ready for trial, but the cause was again continued. The bill proceeds: " * * * And complainant alleges that there was on that occasion an informal discussion of the merits of the case between the Judge and the opposing attorneys, in which discussion was virtually conceded that the Choctaw Bank would be unable to hold said automobile under its execution on the facts as they apparently existed; your complainant alleges that he is not versed in matters of legal procedure, but that he received the impression and understanding from this discussion that unless the attorney for the Choctaw Bank could develop additional evidence, its claim upon the said automobile would not be pressed, and that he, complainant, would be notified if it should be necessary for him to further attend court. Complainant further alleges that the attorney whom he had employed to represent him in the matter left Choctaw County within a short time thereafter; that the said claim suit was docketed and without the knowledge of your complainant, came on for trial on the 11th day of February, 1929; that your complainant knew nothing of the trial, was not represented by any attorney, and in the absence of complainant and without his knowledge, judgment nil dicit was entered for the Choctaw Bank." These averments are too general and indefinite in cases of this character.

It is not denied that the cause was continued nor indeed that the claimant knew it was continued for future trial, in certain events. This would include the right to try for the purpose of testing whether the facts were as they then appeared.

The rule of diligence will not permit a party to abandon the defense of his suit on a mere impression or understanding on his part that it will not come up for trial thereafter. There must appear good basis for such understanding.

Nothing short of an agreement, express or implied, that plaintiff would notify him of any purpose to further prosecute the case, or an agreement that the case would be dismissed if the facts were as they appeared, that such were the facts, and plaintiff, being so advised, took advantage of the absence of defendant to obtain a judgment to which it was not entitled, would acquit defendant of negligence.

The bill should state in substance and effect what was said and done on the occasion referred to from which such agreement or understanding arose.

█ The bill was subject to the demurrer assigned. It was amendable, however. An injunction merely to preserve the status quo while the cause is being litigated on the merits may well be retained, notwithstanding amendable defects in the bill.

But if it appears from the bill and supporting affidavits that amendments cannot be made, and sustained by evidence, which will warrant ultimate relief, the injunction should be dissolved.

It appears from the bill and from the supporting affidavits that the transaction relied upon as a basis for an understanding imposing any duty on plaintiff as alleged was wholly in parol.

Circuit Court Rule 14 requires such agreements to be in writing. The purpose of this rule is to avoid just such controversies as the present in which sharp conflict appears touching such understanding, and also on the question of actual notice that the case was set for trial at the time judgment was taken.

█ Such an understanding had in open court and either noted on the records, or presented within the thirty-day period while the matter is in the breast of the court with power to make proper entries, is not within the rule. But when the court, speaking through its records, takes no cognizance of the matter, it stands merely as a private agreement between the parties. Such parol agreement cannot be set up; the law treats the failure to reduce it to writing as a want of diligence.

The rule has often been applied as a bar to suits in equity of this character. Kirkland v. C. D. Franke & Co., 207 Ala. 377, 92 So. 472; Brunnier v. Hill, 204 Ala. 403, 85 So. 691; Gray v. Handy, 204 Ala. 559, 86 So. 548; Collier v. Parish, 147 Ala. 526, 41 So. 772; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Evans v. Wilhite, 176 Ala. 287, 58 So. 262; Norman v. Burns, 67 Ala. 248; Collier v. Falk, 66 Ala. 223.

It appearing on complainant's own showing that relief cannot be had against the judgment as prayed, the temporary injunction should have been dissolved.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.