195 So. 892
## STANDARD CHEMICAL CO. v. BARBAREE.

### 4 Div. 101.

Supreme Court of Alabama.
April 18, 1940.

Rehearing Denied May 23, 1940.

London & Yancey, Fred G. Koenig, Sr., and Harry B. Cohen, all of Birmingham, for appellant.

602

John C. Walters, of Troy, for appellee.

ANDERSON, Chief Justice.

The appellee, Barbaree, as employe of the Standard Chemical Company, sustained an injury resulting in paralysis of his arm. He brought a suit under Section 7578 of the Code of 1923 and recovered a judgment for the sum provided under the Workmen's Compensation Act. This suit was defended by the employer and was, therefore, an adversary proceeding and not a settlement as dealt with by Section 7574 of the Code. The judgment was rendered in 1934, for weekly payments to run two hundred weeks. The employe, Barbaree, then filed another petition or complaint in 1938 against this same Standard Chemical Company which, as appears from the pleading later disclosed, was based upon the identical injury for which he obtained the first judgment in 1934. The defendant interposed, among others, a plea of res judicata, which to all intents and purposes was sufficient as no demurrer was interposed. The plaintiff relied upon a replication thereto setting up as a bar, by way of an estoppel, a previous promise or agreement.

This replication appellee's counsel contends is but an estoppel and not a contract or agreement. We may concede it is a plea of estoppel, yet it is predicated upon an oral promise or agreement not to be performed within a year, which is forbidden by the Statute of Frauds, and also forbidden by Circuit Court Rule 14, which reads as follows: "No private agreement or consent between parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing and signed by the party to be bound thereby." Kirkland v. C. D. Franke & Co., 207 Ala. 377, 92 So. 472; Brunnier v. Hill, 204 Ala. 403, 85 So. 691, and cases there cited. See especially the case of Norman v. Burns, 67 Ala. 248, for a discussion of the force and effect of this Rule 14. The replication, if not otherwise faulty, was subject to ground 19 of defendant's demurrer, to the effect, that it failed to charge that the promise or agreement was in writing.

It is generally considered that, as between the parties to a contract, validity

can not be given to it by estoppel if it. is prohibited by law or is against public policy. 10 R.C.L.·page 801, section 112;. Vansandt v. Weir, 109 Ala. 104, 19 So. 424, 32 L.R.A. 201.

The writ of certiorari is awarded and the judgment of the Circuit Court is reversed and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.

On Rehearing.

PER CURIAM..

Application for rehearing overruled.

THOMAS, BROWN, KNIGHT, and LIVINGSTON, JJ., concur.