47 So.2d 252

### SPENCER v. SPENCER.
### 6 Div. 11.

Supreme Court of Alabama.
June 22, 1950.

Henry J. Mayfield and John P. Buck, of Tuscaloosa, for appellant.

Liston C. Bell, of Tuscaloosa, for appellee.

FOSTER, Justice.

The question on this appeal is whether a decree of the circuit court in equity overruling a demurrer to a bill of complaint is erroneous and should be reversed.

The bill has some of the elements of one of review, and some of one in the nature of a bill of review. The demurrer is addressed to the bill as a whole. Therefore, if any aspect of it is free from the

grounds assigned, the demurrer was overruled without error.

The proceeding under attack was one for divorce, in which a decree was rendered granting the divorce at the suit of appellant. The instant suit was filed by appellee.

As a bill in the nature of a bill of review, it undertook to set up fraud in procuring the decree of divorce. The facts constituting fraud are alleged to be that the bill for divorce filed by appellant was on the ground of voluntary abandonment; that service was had on appellee on May 20, 1949; but that before service was had on her appellant came to her at home and told her of the filing of the bill, that she would get notice, and that if she would not appear and defend the suit, he would not appear and the suit would be automatically dismissed for want of prosecution; that she relied upon his statement and agreed not to appear, and did not appear and contest the same after consulting an attorney. That appellant disregarded his agreement, obtained a decree pro confesso in due time, and he and another witness gave testimony before the register and obtained a final decree on July 1, 1949. This bill was filed September 1, 1949.

The bill also alleges that in the suit for divorce appellant alleged voluntary abandonment occurring April 12, 1948, and continuing to the filing of the bill May 18, 1949, knowing that said averment was false and untrue, and that the evidence he and his witness gave was false and untrue. Appellee then denied that she abandoned him voluntarily at any time; that such allegations and testimony operated as a fraud upon her and the court.

By an amendment to the bill it is alleged that appellant's bill for divorce was insufficient to support a decree of divorce, in that it did not allege that the voluntary abandonment was without his consent, without just cause and legal excuse and without the intention of returning to him within the one year period. Also that the proof taken in the cause does not show those facts. The amended bill then copies the evidence taken in that case to sustain the allegations. It then alleges that she has a meritorious defense in that she never voluntarily abandoned him and was never guilty of any offense which justified a divorce.

Another amendment alleged that the record of the divorce proceeding shows that the bill of complaint was insufficient to support a decree of divorce, in that it does not state a statutory ground for divorce; does not sufficiently allege voluntary abandonment, and the proof does not sustain a statutory ground for divorce, or that she voluntarily abandoned him without his consent and without just cause and legal excuse; and the record in that case does not sufficiently show when and where the voluntary abandonment occurred.

The bill, summons and its service, decree pro confesso, testimony, note of testimony and final divorce decree were all made exhibits to the bill as last amended.

It was to the bill as thus amended that the demurrer was addressed. It is in substance no more than a general demurrer for want of equity. We will therefore examine the bill in its various aspects to see if any of them are free from the demurrer assigned.

Fraud in Procuring the Decree.

We will first discuss that aspect of it which is in the nature of a bill of review. That is, which charges fraud in the procurement of the divorce decree. In stating the principles of law which apply to it, we observe that they are the same whether the proceeding is under the four months' statute to set aside a judgment at law for "surprise, accident, mistake or fraud,"—section 279, Title 7, Code,—or whether it is in equity to set aside either a judgment at law or a decree in equity. Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Todd v. Leslie, 171 Ala. 624, 55 So. 174. Those principles have received the same application in both forms of procedure. Evans v. Wilhite, supra.

And as applicable to them, this Court has built up a theory around Rule 14 of Circuit Court Practice, Code 1940, Tit. 7 Appendix, which is as follows: "No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause shall be alleged or

suggested by either against the other, unless the same is in writing, and signed by the party to be bound thereby." In the cases of Norman v. Burns, 67 Ala. 248, and Collier v. Falk, 66 Ala. 223, there was a verbal agreement to continue a suit at law. In violation of that agreement plaintiff took a judgment against defendant, who did not appear to resist it on account of such agreement. A bill in equity was filed to set aside the judgment for fraud in violation of the agreement. Applying Rule 14, supra, the Court held that fraud could not be predicated on an agreement which was void as being in violation of the rule. Defendant was charged with a want of diligence in not having the agreement made as required by this rule. Those cases have been cited and followed frequently since then. Brunnier v. Hill, 204 Ala. 403, 85 So. 691; Kirkland v. C. D. Franke & Co., 207 Ala. 377, 92 So. 472; Choctaw Bank v. Dearmon, 223 Ala. 144, 134 So. 648; Standard Chemical Co. v. Barbaree, 239 Ala. 601, 195 So. 892.

The only case we find in this State in which that principle was not applied is Evans v. Wilhite, 176 Ala. 287, 58 So. 262. In refusing to apply it, the Court fully recognized the principle. There was an agreement to continue the case. This involved a court proceeding. The Court observed that if in violation of that agreement a judgment had been taken, the principle would apply. But in accordance with that agreement the case was ordered continued by the court. After this was done the continuance was set aside and the case tried without the appearance of defendant or his attorney, who had no notice of the motion to set it aside and of the trial. The court found that the oral agreement was consummated and carried into an order of the trial court. That such order relieved the case of the difficulty that the agreement was not in writing. After the continuance pursuant to the agreement, there was no duty on the part of the defendant to see that it was not later called for trial. Relief was therefore granted and the judgment set aside.

In the instant case, the bill alleges, we repeat, that appellant, complainant in the divorce suit, came to appellee and told her of the filing of the bill and that she would get notice of it, and "if she would not appear and defend the suit, he would not appear and that said suit would automatically be dismissed for want of prosecution." She consulted an attorney and relied on that statement and did not appear.

In the case of Standard Chemical Co. v. Barbaree, supra, it is said that the parties cannot by estoppel give validity to a contract if it is prohibited by law or against public policy. But our cases are consistent with the authorities generally to the effect that such a statement means that the estoppel referred to is one which results merely from a breach of the contract, which the law requires to be manifested by a written instrument, though the other party acted upon it. The authorities do not mean that an estoppel will not be available from a breach of the contract when the contract was made and entered into for the purpose of perpetrating a fraud upon the other party by inducing the other party to pursue a certain course of conduct in reliance upon the contract, when it was not intended to carry out the contract when it was made, but was intended to work a fraud. Under those circumstances, the authorities sustain the view that fraud may be predicated upon such a state of facts, although as a contract it is void because it is not in writing. Our cases on that subject seem to begin with Clanton v. Scruggs, 95 Ala. 279, 10 So. 757, 758, in which it is said, "a representation relating to future action or conduct, operates as an estoppel only when it has reference to the future relinquishment or subordination of an existing right, which it is made to induce, and by which the party to whom it was addressed, was induced, to act." It is further said that an invalid executory agreement is not intended to be validated by any such principle, but "if the promise is made fraudulently, and is not meant to be kept, it is not denied that this circumstance might introduce an element of estoppel."

In the case of Russell v. Peavy, 131 Ala. 563, 32 So. 492, the question was the validity of a married woman's conveyance

to secure her husband's debt, which was prohibited by statute. It was said that the wife cannot be estopped to deny her want of power to make such a contract, but that this principle is not intended to assert that the wife may not estop herself by positive acts of fraud or by concealment or suppression which in law would be equivalent thereto. And in the case of Allen v. Bromberg, 163 Ala. 620, 50 So. 884, relating to the statute of frauds, the Court referred to Clanton v. Scruggs, supra. It was held that the party could not be estopped from setting up the statute of frauds when the promise was required by law to be in writing, and was not in writing, unless it was made fraudulently with no intention of performing it. This principle was also referred to in the case of Durr Drug Co. v. Acree, 239 Ala. 194, 194 So. 544. See, also, Thompson v. New South Coal Co., 135 Ala. 630, 34 So. 31, 62 L.R.A. 551, 93 Am.St.Rep. 49, and Hays v. Ingham-Burnett Lumber Co., 217 Ala. 524, 116 So. 689.

Those cases all left the question undecided, because in them there was nothing alleged to constitute fraud except the failure to carry out an agreement which was void by reason of some statute. While those cases left the question undecided, they all seem to recognize that there is such a principle. It is fully stated in 37 Corpus Juris Secundum, Frauds, Statute of, § 217, pages 713, 714, in which this statement is made: "However, actual and positive fraud, inherent in the transaction involved, must be shown, otherwise the rule does not operate. A mere failure or refusal to perform an oral contract, within the statute, is not such fraud, within the meaning of this rule, as will take the case out of the operation of the statute, and this is ordinarily true even though the other party has changed his position to his injury."

We note in this instance that the bill of complaint does not undertake to show fraud on the part of the complainant in the divorce case in procuring the divorce, other than a breach of the agreement which he made with the complainant in this case, who was the respondent there. The bill in this case does not undertake to

set up fraud as would be available upon an application of the principle which we have just stated.

The cases, which we have cited applying Rule 14, supra, are in all material respects similar to this one. Like this one, they do not undertake to set up fraud, except such as results from the failure to perform a contract which is void under a statute. We are, therefore, constrained to hold that this aspect of the bill is without equity and that the decree overruling the demurrer cannot be sustained in respect to it.

### For False and Fraudulent Allegations in the Bill.

The bill also alleges that in the suit for divorce the allegation of voluntary abandonment was knowingly false and untrue and operated as a fraud on the court.

We have a principle in this State that false allegations in a bill on which its jurisdiction is founded, and which are necessary to invoke such jurisdiction, constitute a fraud on the court and a decree on such allegations is procured fraudulently and is subject to attack in equity, if the defendant was duly diligent. Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Hooke v. Hooke, 247 Ala. 450(9), 25 So.2d 33; Anderson v. Anderson, 250 Ala. 427, 34 So.2d 585.

Divorce proceedings are statutory and the courts exercising the power have a limited and special jurisdiction, which must appear on the face of the proceedings. Anthony v. Anthony, 221 Ala. 221, 128 So. 440. And the bill must allege a statutory ground, else the decree is void. Tillery v. Tillery, 217 Ala. 142, 115 So. 27.

Therefore, the false and fraudulent assertion in a bill for divorce of the existence of a statutory ground for divorce relates to matter necessary to invoke the jurisdiction of the court exercising a statutory and limited jurisdiction and constitutes a fraud on the court. A decree on such concocted and false charge in a cause in which respondent was fraudulently induced not to contest the same or had no

opportunity to do so, and did not do so, is one procured by fraud. But to support a suit to set aside such decree, it must be made to appear that the respondent in that suit failed to contest that claim without negligence, as by fraud of the complainant, otherwise it became an issue in the case and intrinsic in nature. Therefore, the claim, as here made, is involved in that of fraud in preventing defendant from defending the case to which we have referred. There is no equity in that aspect of the bill.

### For Error Apparent on the Face of the Proceedings.

Appellant also insists that the equity of the bill can be sustained as one of review 'for error apparent on the face of the record of the divorce case.

The error apparent is alleged to be that the bill, though alleging voluntary abandonment for the time required, does not allege that it was without the consent of the complainant and was without just cause and legal excuse.

 Such alleged insufficiency of allegation was not tested by demurrer. There was no ruling on its sufficiency. If there had been, it would be reviewable by appeal, not by bill of review. But the bill states, in substance, voluntary abandonment as a ground for divorce in substantially the language of the statute. It is that "respondent voluntarily abandoned the complainant on or about April 12, 1948, and has lived separate and apart from him since that time." That bill was filed May 18, 1949. The statute as amended is "for voluntary abandonment from bed and board for one year next preceding the filing of the bill."

 The use of the language of the statute is sufficient in a bill for divorce without alleging that the voluntary abandonment was without the intent to return and without the consent of complainant and without sufficient cause. Stephenson v. Stephenson, 213 Ala. 382, 105 So. 183; Nelson v. Nelson, 244 Ala. 421, 14 So.2d 155; Siener v. Siener, 250 Ala. 376, 34 So. 2d 576.

 But even if the bill for divorce did not contain jurisdictional allegations sufficient to sustain the decree, the invalidity of the decree would appear on the face of the proceedings and the decree be subject to collateral attack. That situation does not support a bill of review. Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782, and cases cited.

In many cases we have referred to the nature of error on the face of the record which will support a bill of review. McCall v. McCurdy, 69 Ala. 65; Jones v. Henderson, 228 Ala. 273, 153 So. 214.

The bill in the instant case does not show such an error.

We think there is no equity in any aspect of the bill. For that reason the decree in the instant case overruling the demurrer to the bill as a whole should be reversed and a decree here rendered sustaining the demurrer and allowing appellee thirty days in which to amend the bill.

Reversed, rendered and remanded.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.