This appeal arises from a retrial of the controversy which was the subject of our decision in Caron v. Teagle,345 So.2d 1331 (Ala. 1977). Upon remand, in this action involving an alleged contract to convey real estate to the Teagles, they amended their complaint to withdraw the claims for specific performance and to add counts sounding in fraud and deceit. The jury in the second trial awarded the Teagles $35,000 compensatory and $10,000 punitive damages. The Carons[1] appeal, complaining of the denial of their motion for a directed verdict and motion for JNOV, or in the alternative, for a new trial, the failure to dismiss the amended complaint, and alleged error in the trial court's instructions to the jury.
The facts as developed in the second trial are substantially the same as those set out in the earlier opinion. In August of 1973, defendant Central Insurance Agency of Mobile, Inc., through Dorothy Caron, its president, deeded four lots to Ruth Teagle. The Teagles made installment payments on the purchase price of these lots through January of 1975. During the fall of 1974, the parties were negotiating a modification of the purchase agreement. The Teagles asserted that Frank Caron agreed to apply all payments made up to that point to one lot if the Teagles would return the deeds to the four lots. On 22 February 1975, the Teagles returned the four deeds and executed a warranty deed reconveying the four lots. They said Frank Caron promised to prepare and execute a deed conveying Lot 11 to them, having, at that time, no intention of doing so, and thereby defrauded them of their interest in the property. *Page 496 
On appeal, the Carons initially contend the fraud action was barred by the Statute of Frauds. However, it is well settled in Alabama that fraud may be predicated upon a breach of contract which is void, because not in writing, where the contract was made for the purpose of perpetrating the fraud. Spry FuneralHomes, Inc. v. Deaton, 363 So.2d 786 (Ala.Civ.App. 1978);Spencer v. Spencer, 254 Ala. 22, 47 So.2d 252 (1950).
Turning to the errors allegedly committed during trial, we find the most glaring, and a dispositive one, relates to the trial court's instructions to the jury. During its deliberation the jury sent the following written question to the trial judge: "Can the Plaintiffs receive Lot Eleven or do we have to award the cash value?" Counsel for the Carons promptly objected to the question being answered, but the objection was overruled. The trial court then wrote upon the same paper by which the jury had sent its question, and while doing so, stated to the parties: "I'm putting down the Plaintiffs cannot receive Lot Eleven. The jury can only award money damages. I will tell them, if you are reasonably satisfied that the Plaintiffs are entitled to damages, too." To these statements, counsel for the Carons responded, "I specifically object to the second response as being in the nature of a charge of the jury."
Permitting this written answer, tantamount to "`given' written instructions" under Rule 51, ARCP, to be sent to the jury was reversible error, per se. Rule 51, in pertinent part, provides: "Neither the pleadings nor `given' written instructions shall go into the jury room."
In addition to violating Rule 51, the trial court's written answer was misleading because it permitted the jury to award money damages not limited by definition to the value of the disputed property. This prejudicial effect was demonstrated by the jury's verdict of $35,000 compensatory damages although the evidence clearly showed the value of Lot 11 was $14,000, in November 1974, when Mr. Caron allegedly promised to apply all payments to one lot. Its value in February 1975, when he accepted a return of the four deeds without delivering a deed to Lot 11, was shown to be $17,000. Therefore, the maximum compensatory damage award supported by the evidence would be the sum of $17,000, the value of the lot at the time the Teagles claim the injury occurred.
In view of the fact that the judgment in this case must be reversed for the error we have addressed, we do not find it necessary to write to other issues raised by the parties.
This cause is due to be and is hereby reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.
[1] Although Frank Caron is not a party, we refer to defendants/appellants as the Carons for convenience.