MADDOX, Justice.
The issue before this Court is whether sending into the jury room a written instruction, which represented only a portion of the trial court’s entire charge, violated ARCP 51, and, thereby constituted reversible error.
This controversy arose out of a will contest in Sumter County. The appellant, Martha S. Dunn, challenged the validity of her father’s last will and testament. The appellee, Bama F. Syring, is the widow of the decedent, Calvin P. Syring. On September 9, 1980, she filed in the Probate Court of Sumter County the purported last will and testament of the decedent. Martha Dunn filed a contest of that will on October 22, 1980, citing as grounds for the challenge the decedent’s alleged incapacity and the appellee’s alleged exercise of undue influence upon the decedent.
The case was tried before a jury. After retiring to the jury room, the forewoman requested that the trial judge answer a question regarding undue influence. The court responded by sending into the jury room a handwritten copy of Alabama Pattern Jury Instruction 38.309. During the oral charge, the court had read this instruction to the jury. Counsel for the appellant made a timely objection to the court’s action and the record indicates the following discussion occurred:
“MR. UPCHURCH: We object to the giving the charge in writing to the jury on the grounds that it tends to single out and give too much weight to one portion of the Judge’s charge, and on *1082 the further ground that the charge as written out is only part of the charge and is unduly restrictive.
“THE COURT: Let the record show that the jury requested a definition of undue influence and I wrote out Alabama Pattern Jury Instruction 38.309 and gave that to the jury and this is the objection that Mr. Upchurch makes to me giving that written instruction to the jury. Deny your objection.”
The grounds the appellant stated are in essence an application of ARCP 51. In part the rule states, “Neither the pleadings nor ‘given’ written instructions shall go into the jury room.” ARCP 51. The reason for this prohibition is explained in the commentary following the rule:
“This rule does not preserve the former requirement that instructions be taken by the jurors to the jury room. If the written charges requested by the parties deal only with certain portions of the law, as indeed they would, they should not be submitted to the jury when the court’s oral charge cannot likewise be submitted to the jury. If the court’s oral charge is to be given as much weight and consideration by the jury as the written charges, only a part of the overall charge should not go to the jury. The rule also bars pleadings from the jury room.”
ARCP 51, Committee Comments.
Permitting the written answer to the jury's question is reversible error, per se, under ARCP 51. Caron v. Teagle, 408 So.2d 494, 496 (Ala.1981).
This case is due to be reversed and a new trial ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.