**BURNHAM SHOES, INC.,**
**Plaintiff-Appellant,**

v.

**WEST AMERICAN INSURANCE COMPANY and American Fire and Casualty Company, Defendants-Appellees.**

No. 85–7534.

United States Court of Appeals,
Eleventh Circuit.

March 25, 1986.

Joel E. Dillard, William J. Baxley, Birmingham, Ala., for plaintiff-appellant.

Robert S. Lamar, Jr., Birmingham, Ala., for defendants-appellees.

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sit-    ting by designation.

Before GODBOLD, Chief Judge, VANCE, Circuit Judge, and THOMAS *, Senior District Judge.

VANCE, Circuit Judge:

Plaintiff Burnham Shoes, Inc. ("Burnham") appeals from the district court's decision on summary judgment that the defendant insurance companies ("the insurers") were not obligated to defend Burnham in an antitrust suit brought by a competitor. The insurers argued, and the district court held, that any provisions in Burnham's policies which otherwise would have required the insurers to defend the suit[1] were void as against Alabama public policy. Though not conceding the point, Burnham responded that in any event the insurers had waived their right to deny coverage by beginning a defense without reserving the right to withdraw. The district court, however, accepted the insurers' argument that coverage prohibited by public policy cannot be created by waiver.

In *St. Paul Insurance Cos. v. Talladega Nursing Home*, 606 F.2d 631, 633–34 (5th Cir.1979), we held that Alabama public policy voids insurance coverage purporting to create a duty on the part of the insurer to defend an antitrust suit alleging intentional acts by the insured calculated to cause injury. If *St. Paul* is still good law, it appears to control the public policy issue here. Burnham argues, however, that *St. Paul* has been stripped of its precedential value by two later decisions of the Alabama Supreme Court. In *Alabama Farm Bureau Mutual Casualty Insurance Co. v. Dyer*, 454 So.2d 921, 925 (Ala.1984), the court held that a policy limitation applying to acts "intended from the standpoint of the insured" extends only to those acts which the insured specifically intended to cause injury. The court held in *Industrial Tile, Inc. v. Stewart*, 388 So.2d 171, 175–76 (Ala.1980), *cert. denied*, 449 U.S. 1081, 101 S.Ct. 864, 66 L.Ed.2d 805 (1981), that a tortfeasor may be indemnified against the consequences of his or her own "wrongs." The term "wrongs" in context referred to acts of negligence, but Burnham suggests that the language taken literally could extend to intentional acts as well.

The waiver issue did not arise in *St. Paul*, and it appears that no reported Alabama decision discusses the issue in the context now before us. The Alabama courts have held that coverage not provided by the terms of a policy cannot be created by waiver or estoppel, *Home Indemnity Co. v. Reed Equipment Co.*, 381 So.2d 45, 50–51 (Ala.1980), and that a contract prohibited by public policy cannot be given validity by estoppel, *Standard Chemical Co. v. Barbaree*, 239 Ala. 601, 195 So. 892, 893 (1940), but Burnham points out that it has apparently not been decided whether a public policy constraint, as opposed to a limitation based on the policy's language, may be overcome by waiver as opposed to estoppel.

Since the issues before us pose questions of Alabama law which may determine the outcome of this appeal and for which there are no clear controlling precedents in the decisions of the Alabama Supreme Court, we submit the following to that court for its consideration.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA, PURSUANT TO RULE 18, ALABAMA RULES OF APPELLATE PROCEDURE.

I. *Style of the case.* The style of the case in which this certification is made is Burnham Shoes, Inc., Plaintiff-Appellant, versus West American Insurance Company and American Fire and Casualty Company,

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. The court below did not reach the issue of whether the policies did, in fact, create a duty to defend.

Defendant-Appellees, Case No. 85–7534, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Middle District of Alabama.

II. *Statement of the Facts.* In August 1981, plaintiff Burnham Shoes, Inc. ("Burnham") purchased two insurance policies issued by defendants West American Insurance Co. and American Fire and Casualty Co. ("the insurers"), related insurance companies. The policies provided coverage for certain of Burnham's business operations for the period from August 19, 1981 to August 19, 1984.

In July 1984, R.F.T., Inc. brought a federal antitrust action against Burnham and five other defendants. The complaint alleged that the defendants had violated section 1 of the Sherman Act, 15 U.S.C. § 1, by conspiring to drive a shoe store owned by R.F.T. out of business. The defendants were alleged to have conspired to prevent the store from obtaining brand-name shoes, and to prevent R.F.T. from selling the store by convincing the store's leasing agent not to allow a prospective purchaser to assume or renew the store's lease.

The insurers initially defended Burnham in the suit, filing an answer to R.F.T.'s complaint on September 5, 1984. After about a month, however, they notified Burnham that they were denying coverage for the suit and would not provide any further defense. Burnham settled with R.F.T., then filed this action. It seeks a declaration that the insurers were obligated to provide a defense against the R.F.T. action, and asks that they be required to pay the settlement.

The district court granted summary judgment for the insurers. It held that, assuming the insurance policies otherwise would have obligated the insurers to defend the R.F.T. suit, such coverage would be void as against public policy since it would amount to insurance against the insured's own intentional wrongful acts. The court also held that the insurers had not waived their right to refuse coverage by initially defending the suit, finding that

coverage prohibited by public policy cannot be accomplished by waiver. This appeal followed.

III. *Questions to be certified.*

(1) Is an insurance provision which otherwise would obligate the insurer to defend the insured in a lawsuit based upon intentional wrongs alleged to have been committed by the insured void as against the public policy of the state of Alabama?

(2) Does an insurer who undertakes to defend an insured without reserving the right to withdraw its defense thereby waive its right to do so? If so, is the insured obligated to continue providing a defense even if to do so would otherwise be against public policy?

The particular phrasing used in the certified questions is not intended to restrict the Supreme Court's consideration of the issues or the manner in which it gives its answers. *Martinez v. Rodriquez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Alabama, and simultaneously to transmit copies of the certificate to the parties' counsel.

QUESTIONS CERTIFIED.